# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| RANCHERS CATTLEMEN ACTION LEGAL FUND UNITED STOCKGROWERS OF AMERICA; WEINREIS BROTHERS PARTNERSHIP; MINATARE FEEDLOT INC; CHARLES WEINREIS; ERIC NELSON; JAMES JENSEN d/b/a LUCKY 7 ANGUS; and RICHARD CHAMBERS AS TRUSTEE OF THE RICHARD C. CHAMBERS LIVING TRUST on Behalf of Themselves and All Other Similarly Situated, | Case No. 0:19-cv-01222-JRT-HB |
| Plaintiffs, | |
| v. | |
| TYSON FOODS, INC.; TYSON FRESH MEATS, INC.; JBS S.A.; JBS USA FOOD COMPANY; SWIFT BEEF COMPANY; JBS PACKERLAND, INC.; CARGILL, INCORPORATED; CARGILL MEAT SOLUTIONS CORPORATION; MARFRIG GLOBAL FOODS S.A.; NATIONAL BEEF PACKING COMPANY, LLC; and JOHN DOES 1-10; | |
| Defendants. | |
| [Caption continued on following page] | |

| | |
|---|---|
| MICHAEL SEVY, on behalf of himself and all others similarly situated, | Case No. 0:19-cv-01243-JRT-HB |
| Plaintiff, | |
| v. | |
| TYSON FOODS, INC; TYSON FRESH MEATS, INC.; JBS S.A.; JBS USA FOOD COMPANY; SWIFT BEEF COMPANY; JBS PACKERLAND, INC.; CARGILL, INCORPORATED; CARGILL MEAT SOLUTIONS CORPORATION; MARFRIG GLOBAL FOODS S.A.; NATIONAL BEEF PACKING COMPANY, LLC; and JOHN DOES 1-10; | |
| Defendants. | |
| DOUGLAS WRIGHT and SAM MENDENHALL (d/b/a MENDENHALL FARMS), individually and on behalf of others similarly situated, | Case No. 0:19-cv-01350- JRT-HB |
| Plaintiff, | |
| v. | |
| TYSON FOOD, INC.; TYSON FRESH MEATS, INC.; JBS S.A.; JBS USA FOOD COMPANY; SWIFT BEEF COMPANY; JBS PACKERLAND, INC.; CARGILL, INCORPORATED; CARGILL MEAT SOLUTIONS CORPORATION; MARFRIG GLOBAL FOODS S.A.; and NATIONAL BEEF PACKING COMPANY, LLC, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION FOR THE ENTRY OF
<u>CASE MANAGEMENT ORDER NO. 1</u>**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND ....................................... 2

ARGUMENT ...................................................................................................... 4

I.     THE CATTLE ACTIONS SHOULD BE CONSOLIDATED UNDER
     RULE 42(a) ............................................................................................. 4

II.    SCOTT+SCOTT AND CAFFERTY CLOBES SHOULD BE APPOINTED
     INTERIM CO-LEAD CLASS COUNSEL UNDER RULE 23(g) .................... 6

     A.    Proposed Interim Co-Lead Class Counsel Have Performed
         Extensive Work Investigating the Claims in this Litigation ........................ 7

     B.    Proposed Interim Co-Lead Class Counsel Are Highly Experienced in
         Handling Complex Class Action Litigation ................................................. 9

         1.    Scott+Scott ................................................................................ 10

         2.    Cafferty Clobes Meriwether & Sprengel ......................................... 12

     C.    Proposed Interim Co-Lead Class Counsel Are Knowledgeable
         of the Law .............................................................................................. 16

     D.    Proposed Interim Co-Lead Class Counsel Have the Resources to
         Effectively Represent the Best Interests of the Proposed Classes .............. 16

III.   ROBINS KAPLAN SHOULD BE APPOINTED INTERIM LIAISON
     CLASS COUNSEL UNDER RULE 23(g) ................................................. 18

IV.   COUNSEL IN THE OTHER CATTLE ACTIONS SHOULD BE
     APPOINTED TO PLAINTIFFS' EXECUTIVE COMMITTEE .................... 20

CONCLUSION ................................................................................................ 21

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adedipe v. U.S. Bank Nat'l Ass'n*,
  2014 WL 835174 (D. Minn. Mar. 4, 2014) ................................................... 7

*Crocker v. KV Pharm. Co.*,
  4:09-cv-198, 2009 WL 1297684 (E.D. Mo. May 7, 2009).......................... 16

*Duqum v. Scottrade, Inc.*,
  Case No. 4:15-CV-1537-SPM, 2016 WL 1700427 (E.D. Mo. Apr. 28,
  2016) .................................................................................................. 16, 17

*In re Aurora Dairy Corp. Organic Milk Mktg. and Sales Practices Litig.*,
  4:08 MD01907, 2008 WL 1805731 (E.D. Mo. Apr. 18, 2008).................... 18

*In re CMED Sec. Litig.*,
  No. 11 Civ. 9297, 2012 WL 1118302 (S.D.N.Y. Apr. 2, 2012).................... 5

*In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*,
  MDL No. 1674, 2011 WL 4382942 (W.D. Pa. Sept. 20, 2011) .................... 7

*In re Payment Card Interchange Fee and Merchant Discount Antitrust
  Litigation*,
  MDL No. 1720 (MKB) (JO) (E.D.N.Y.) ..................................................... 19

*Jackson v. Gutzmer*,
  Civ. No. 16-3831, 2017 WL 8944012 (D. Minn. May 8, 2017)..................... 4

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 112 (S.D.N.Y. 2010) ............................................................. 8, 9

*Leeb v. Charter Comms., Inc.*,
  No. 4:17CV2780, 2019 WL 1472587 (E.D. Mo. Apr. 3, 2019)................. 6, 8

*Lusk v. Life Time Fitness, Inc.*,
  No. 15-1911 JRT/JJK, 2015 WL 9858177 (D. Minn. July 10, 2015) ........... 17

*Netherlands Inc. Co. v. Cellar Advisors, LLC*,
  No. 4:17CV02585, 2018 WL 1964201 (E.D. Mo. Apr. 26, 2018)................. 5

*New York Univ. v. Ariel Fund Ltd.*,
  No. 603803/08, slip. op. (N.Y. Sup. Ct. Mar. 1, 2010)............................... 11

*Nowak v. Ford Motor Co.*,
  240 F.R.D. 355 (E.D. Mich. 2006) ............................................................... 20

*Online Resources Corp. v. Joao Bock Transaction Sys., LLC*,
  No. 8:13 CV 231, 2013 WL 5815775 (D. Neb. Oct. 29, 2013) ..................... 4

*Peterson v. Agristats, Inc.*,
  Case No. 0:19-cv-01129-JRT-HB ................................................................ 2

*Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v.
  Tyson Foods, Inc.*,
  No. 0:19-cv-01222 (D. Minn., filed May 7, 2019) ....................................... 2

*Sevy v. Tyson Foods, Inc.*,
  No. 0:19-cv-01243 (D. Minn., filed May. 9, 2019) ...................................... 3

*Smith v. State Farm Mutual Auto. Ins. Co.*,
  301 F.R.D. 284 (N.D. Ill., 2015) ............................................................... 18

*Wright v. Tyson Foods, Inc.*,
  No. 0:19-cv-01350 (D. Minn., filed May 22, 2019) ...................................... 3

**Statutes, Rules & Regulations**

Federal Rules of Civil Procedure
  Fed. R. Civ. P. 23 ........................................................................................ 6
  Fed. R. Civ. P. 23(g) ............................................................................ 1, 6, 18
  Fed. R. Civ. P. 23(g)(1)(A) ...................................................................... 6, 7
  Fed. R. Civ. P. 23(g)(1)(B) ........................................................................... 7
  Fed. R. Civ. P. 23(g)(3) ................................................................................ 6
  Fed. R. Civ. P. 42(a) ............................................................................. 1, 4, 5

**Other Authorities**

*Manual for Complex Litig.*, Fourth, §21.11 (2004) ...................................... 6, 20

*Manual for Complex Litig.* Fourth, §21.272 (2004) ........................................... 7

8 MOORE'S FEDERAL PRACTICE §42.10 (3d ed. 1997) ...................................... 4

## INTRODUCTION

Pursuant to the Rules 23(g) and 42(a) of the Federal Rules of Civil Procedure, Plaintiffs Ranchers Cattlemen Action Legal Fund United Stockgrowers of America ("R-CALF"), Weinreis Brothers Partnership, Minatare Feedlot, Inc., Charles Weinreis, Eric Nelson, James Jensen d/b/a Lucky 7 Angus, Richard Chambers as trustee of the Richard C. Chambers Living Trust, Michael Sevy, Douglas Wright and Sam Mendenhall (d/b/a Mendenhall Farms) (collectively, the "Plaintiffs") respectfully submit this Memorandum of Law in Support of Their Unopposed Motion for the Entry of Case Management Order No. 1: (i) consolidating into one action the three above-captioned related actions that have been filed in this District; (ii) appointing Scott+Scott Attorneys at Law LLP and Cafferty Clobes Meriwether & Sprengel LLP as interim co-lead class counsel for proposed classes of individuals and entities: (a) directly selling to a Defendant one or more fed cattle for slaughter; and (b) transacting in live cattle futures and/or options on U.S. exchanges (collectively, the "Classes"); (iii) appointing Robins Kaplan LLP as interim liaison counsel for the Classes; (iv) appointing Gibbs Law Group LLP, Kirby McInerney LLP, Paul LLP, and Pearson, Simon & Warshaw, LLP, as members of Plaintiffs' Executive Committee.

Defendants take no position on the appointment of Interim Co-Lead Class Counsel, Interim Liaison Counsel, or Plaintiffs' Executive Committee for the Cattle Actions, but otherwise join in requesting the relief set forth herein, subject to their reservation of rights set forth in the [Proposed] Case Management Order No. 1.[1]

---

[1]     Defendants in the actions are Tyson Foods, Inc., Tyson Fresh Meats, Inc., JBS S.A., JBS USA Food Company, Swift Beef Company, JBS Packerland, Inc., Cargill,

## FACTUAL AND PROCEDURAL BACKGROUND

On May 7, 2019, R-CALF and four fed cattle producers ("R-CALF, et al."), on behalf of themselves and all others similarly situated, filed a class action complaint in this District.  *See Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. Tyson Foods, Inc.*, No. 0:19-cv-01222 (D. Minn., filed May 7, 2019) ("*R-CALF* Action").[2] That action alleges that Defendants Tyson Foods, Inc., JBS S.A., Cargill, Incorporated, National Beef Packing Company, and certain of their affiliates, conspired from at least January 1, 2015, to fix, depress, suppress, or stabilize the price of fed cattle they purchased in the United States and to manipulate the price of live cattle futures and options traded on the Chicago Mercantile Exchange.  The complaint alleges that the conspiracy involves, among other matters, Defendants' collusive reductions in slaughter volumes and purchases of fed cattle sold by cattle producers in the cash cattle market.  R-CALF, et al. allege that Defendants' actions violated (and continue to violate) U.S. antitrust and commodities laws and injured and damaged Plaintiffs and members of the proposed Classes by causing them

---

Incorporated, Cargill Meat Solutions Corporation, Marfrig Global Foods S.A., National Beef Packing Company, LLC, and John Does 1-10.

[2]    R-CALF, et al. previously filed their action in the U.S. District Court for the Northern District of Illinois on April 23, 2019.  On May 7, 2019, in the interest of expediency and efficiency, *R-CALF*, *et al.* voluntarily dismissed that action and re-filed their complaint in this District as related to *Peterson v. Agristats, Inc.*, Case No. 0:19-cv-01129-JRT-HB ("*Peterson* Action").  The *Peterson* Action was filed in this District on April 26, 2019.  It alleges that aspects of the Defendants' conduct particularized in the *R-CALF*, *et al.* complaint additionally constituted an anticompetitive conspiracy to raise the price of wholesale and retail beef.

to receive less for fed cattle they sold directly to Defendants and transact in live cattle futures and options at artificial prices.

On May 9, 2019, a complaint containing substantially similar allegations was filed by Michael Sevy in this District. *See Sevy v. Tyson Foods, Inc.*, No. 0:19-cv-01243 (D. Minn., filed May. 9, 2019) ("*Sevy* Action"). Plaintiff in the *Sevy* Action alleged similar facts against the same Defendants as those alleged in the *R-CALF* Action, but sought relief on behalf of himself and those who transacted in live cattle futures and options only. The *R-CALF* and *Sevy* Actions were re-assigned to this Court by Order dated May 13, 2019.[3]

On May 22, 2019, Douglas Wright and Sam Mendenhall (d/b/a Mendenhall Farms) filed a class action complaint in this District alleging substantially similar facts and claims for relief against substantially the same Defendants as those alleged in the *R-CALF* Action. See *Wright v. Tyson Foods, Inc.*, No. 0:19-cv-01350 (D. Minn., filed May 22, 2019) ("*Mendenhall Farms* Action"). The *Mendenhall Farms* Action was re-assigned to this Court by Order dated June 3, 2019.[4]

Plaintiffs' counsel in the *R-CALF*, *Sevy*, and *Mendenhall Farms* Actions (the "Cattle Actions") and Defendants have agreed that consolidation of the Cattle Actions will avoid duplication and unnecessary costs, and will promote the orderly and efficient conduct of the Cattle Actions.

---

[3]     Order of Direction to the Clerk of the Court for Reassignment of Related Cases (ECF No. 6 (*R-Calf* Action) and ECF No. 11 (*Sevy* Action)).

[4]     Order of Direction to the Clerk of the Court for Reassignment of Related Cases (ECF No. 5).

**ARGUMENT**

## I.   THE CATTLE ACTIONS SHOULD BE CONSOLIDATED UNDER RULE 42(a)

The Cattle Actions should be consolidated because they arise from the same nucleus of operative facts; name substantially the same defendants; assert substantially identical claims for relief on behalf of overlapping proposed classes of affected individuals and entities; and allege identical class periods.  Where, as here, actions before a court involve a common question of law or fact, the court may: "'(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.'"  Fed. R. Civ. P. 42(a); *Jackson v. Gutzmer*, Civ. No. 16-3831, 2017 WL 8944012, at *1 (D. Minn. May 8, 2017) (quoting Fed. R. Civ. P. 42(a)).  Consolidation is "a powerful tool to expedite litigation by drawing together separate actions sharing common legal or factual questions." 8 MOORE'S FEDERAL PRACTICE §42.10 (3d ed. 1997).  District Courts, including those in the Eighth Circuit, "'generally take a favorable view of consolidation.'"  *Online Resources Corp. v. Joao Bock Transaction Sys., LLC,* No. 8:13 CV 231, 2013 WL 5815775, at *2 (D. Neb. Oct. 29, 2013) (quoting CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE §2383 (2d ed.1994)).

Each complaint alleges that Defendants colluded to fix, depress, suppress, or stabilize the prices of fed cattle they purchased in the United States from at least January 1, 2015 through the present.  The complaints additionally allege that this conduct caused live cattle futures and options contracts to be bought and sold at artificial prices.  Each

Cattle Action further alleges that Defendants' unlawful behavior violated the Sherman Act and Commodity Exchange Act ("CEA"), and caused Plaintiffs and the proposed Classes injury on their sales of fed cattle and their transactions of live cattle contracts.

As all Plaintiffs seek consolidation of their actions and Defendants have not opposed the motion for consolidation, there is little (if any) potential for prejudice in consolidating these actions. *Accord, e.g., Netherlands Inc. Co. v. Cellar Advisors, LLC*, No. 4:17CV02585, 2018 WL 1964201, at *3 (E.D. Mo. Apr. 26, 2018) (finding no prejudice and granting unopposed motion to consolidate); *In re CMED Sec. Litig.*, No. 11 Civ. 9297, 2012 WL 1118302, at *2 (S.D.N.Y. Apr. 2, 2012). Accordingly, in the interest of efficiency, consistency, and judicial economy, under Rule 42(a), the Cattle Actions should be consolidated under the *R-CALF* docket.

Any additional proposed class actions filed in this Court subsequent to the entry of Case Management Order No. 1 on behalf of any member of the proposed Classes and relating to facts and issues in the Cattle Actions should also be consolidated with the *R-CALF* Action. *See* [Proposed] Case Management Order No. 1, paragraphs 3-5.

Plaintiffs and Defendants to the Cattle Actions propose to meet and confer to discuss further whether, and the extent to which, the Cattle Actions should be consolidated or coordinated with the *Peterson* Action. *See* [Proposed] Case Management Order No. 1, paragraph 22.

## II.     SCOTT+SCOTT AND CAFFERTY CLOBES SHOULD BE APPOINTED INTERIM CO-LEAD CLASS COUNSEL UNDER RULE 23(g)

Plaintiffs propose that Scott+Scott Attorneys at Law LLP ("Scott+Scott"), and Cafferty Clobes Meriwether & Sprengel ("Cafferty Clobes") serve as interim co-lead class counsel for the proposed Classes ("Proposed Interim Co-Lead Class Counsel").

Pursuant to Fed. R. Civ. P. 23(g)(3), this Court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." The Advisory Committee Notes to Rule 23 explain that the rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." Fed. R. Civ. P. 23 Advisory Committee's notes. *See also Manual for Complex Litig.*, Fourth, §21.11 (2004) ("[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.").

"When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *Leeb v. Charter Comms., Inc.*, No. 4:17CV2780, 2019 WL 1472587, at *1 (E.D. Mo. Apr. 3, 2019) (citing *Roe v. Arch Coal, Inc.*, No. 4:15CV910, 2015 WL 6702288, at *2 (E.D. Mo. Nov. 2, 2015)).

Rule 23(g)(1)(A) provides that the Court must consider:

(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii)

counsel's knowledge of the applicable law; and (iv) the resources counsel
will commit to representing the class.

In addition, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

As demonstrated below, Scott+Scott and Cafferty Clobes satisfy all of these requirements and, as a result, should be appointed interim co-lead class counsel for the proposed Classes of the Cattle Actions.

Importantly, Plaintiffs have consented to this "private ordering." *Manual for Complex Litig.* §21.272 (private ordering is when "lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests"). Such private ordering is the most common and desirable means of selecting class counsel. *See id.* at §10.22 (efforts by attorneys to "coordinate their activities without the court's assistance . . . should be encouraged"); *In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*, MDL No. 1674, 2011 WL 4382942, at *2 (W.D. Pa. Sept. 20, 2011) ("[T]he private ordering method of selecting interim lead counsel has long been the preferred approach.").

## A. Proposed Interim Co-Lead Class Counsel Have Performed Extensive Work Investigating the Claims in this Litigation

The first Rule 23(g)(1)(A) factor is particularly significant in this case, as Proposed Interim Co-Lead Class Counsel spent a significant amount of time and resources in developing the case, and filed the first complaint. *See Adedipe v. U.S. Bank Nat'l Ass'n*, No. 13-2687 JNE/JJK, 2014 WL 835174, at *3 (D. Minn. Mar. 4, 2014) (preferring the counsel team which had "devoted the more substantial effort toward pre-suit investigation

and identification of claims"); *Leeb*, 2019 WL 1472587, at *1 (appointing counsel who "has adequately identified and demonstrated a commitment to investigating the potential claims in this action"). This factor strongly favors appointment of Scott+Scott and Cafferty Clobes because their first-filed complaint specifically alleged the nature of Defendants' wrongdoing and its adverse effects on Plaintiffs and the proposed Classes.

And while being first to file a civil complaint sometimes is less meaningful, such as when there are guilty pleas or consent orders to consult, that is not the case in the present instance. Here, in the absence of such specific "smoking gun" evidence, the fact that Scott+Scott and Cafferty Clobes filed first shows that they have devoted considerable resources to develop wholly original work, without the benefit of prior complaints or regulatory decisions.[5]  *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 121 (S.D.N.Y. 2010).

Scott+Scott and Cafferty Clobes began investigating potential manipulation of the fed cattle and live cattle futures markets in September 2018. During their investigation, the firms identified and interviewed numerous current and former market participants. These witnesses included the two confidential witnesses cited in the complaint. The firms

---

[5]     While both the U.S. Government Accountability Office and Grain Inspection Packers and Stockyards Administration ("GIPSA") did conduct public and confidential investigations, respectively, into the causes of the 2015 collapse in fed cattle prices, neither body addressed the alleged anticompetitive practices particularized in R-CALF, et al.'s complaint. Further, R-CALF first received a redacted version of the GIPSA report in response to a Freedom of Information request on or around May 2, 2019, over a week after it had filed the first complaint. *See* Gov't Accountability Off., GAO-18-296, U.S. Department of Agriculture: Additional Data Analysis Could Enhance Monitoring of U.S. Cattle Market (Apr. 2018), https://www.gao.gov/assets/700/691178.pdf; Weylin Lucius, GIPSA "Investigative Report", Investigation No. 23006 (Sept. 2017).

also engaged an economics consulting firm and a professor of finance to analyze and advise in relation to the facts and allegations presented in the complaint, including by developing a proprietary model of fed cattle prices.  These firms utilized, among other matters, data from Scott+Scott and Cafferty Clobes' own clients, data maintained by the USDA, and live cattle trading data purchased from the CME.  *See* Burke Decl.,[6] ¶¶2-6; Fata Decl.,[7] ¶¶2-6. Scott+Scott and Cafferty Clobes advanced over $190,000 in of out-of-pocket expenses to investigate R-CALF, et al.'s claims, excluding travel expenses.  *See id.*

Thus, Proposed Interim Co-Lead Class Counsel have spent considerable time and financial resources investigating Defendants' alleged wrongdoing and developing a theory of the case supported by the facts and the law.  These efforts have substantially advanced this litigation on behalf of all Plaintiffs, as shown by the fact that each subsequent complaint merely copied the allegations presented in R-CALF complaint.

### B.	Proposed Interim Co-Lead Class Counsel Are Highly Experienced in Handling Complex Class Action Litigation

Scott+Scott and Cafferty Clobes are highly regarded class action firms, and each boasts formidable antitrust and commodities practices.  Attorneys at the firms have decades of experience litigating complex antitrust class actions.  As demonstrated below, these firms are well qualified to litigate this case on behalf of the proposed Classes.

---

[6]	Declaration of Christopher M. Burke in Support of Plaintiffs' Unopposed Motion for Entry of Case Management Order No. 1, filed concurrently herewith ("Burke  Decl.").

[7]	Declaration of Anthony F. Fata in Support of Plaintiffs' Unopposed Motion for Entry of Case Management Order No. 1, filed concurrently herewith ("Fata  Decl.").

### 1.    Scott+Scott

Scott+Scott is an international plaintiffs' litigation law firm with over 65 attorneys in offices spanning the Netherlands, the United Kingdom, and the United States, with its largest office in New York City.  The firm specializes in complex litigation, including an emphasis on antitrust class actions.  *See* Ex. A to Burke Decl. (Scott+Scott's firm profile).

The firm's recent successes include the following large antitrust class actions:

- ***In re Foreign Exchange Benchmark Rates Antitrust Litig.***, No 13-cv-7789 (LGS) (S.D.N.Y) ("*FX*").  Scott+Scott serves as co-lead counsel in an antitrust action that alleges major banks conspired to fix the price of foreign exchange.  The firm has obtained final approval of settlements with 15 of the 16 defendants, totaling over $2.3 billion, and continues to litigate against the remaining defendant.

- ***Alaska Electrical Pension Fund v. Bank of America, N.A.***, No. 14-cv-7126 (JMF) (S.D.N.Y.) ("*ISDAfix*").  Scott+Scott served as co-lead counsel in an antitrust class action that alleged 14 major banks and a broker conspired to manipulate the ISDAfix rate, a key benchmark interest rate for a broad range of interest rate derivatives and other financial instruments.  The Court approved settlements totaling $504.5 million and the claims process is proceeding.

- ***Dahl v. Bain Capital Partners, LLC***, No. 07-cv-12388 (WGY) (D. Mass.) ("*Dahl*").  Scott+Scott served as co-lead counsel in an antitrust class action that alleged the nation's largest private equity firms colluded to restrain competition and suppress prices paid to shareholders of public companies in connection with leveraged buyouts.  Although the DOJ declined to prosecute, the case recovered $590.5 million for the class.

Scott+Scott has a track record of success in cases of this scale.  In 2018, renowned mediator, Kenneth R. Feinberg, concluded that the *FX* settlements "represent[] some of the finest lawyering toward a negotiated resolution that I have witnessed in my career" and that Scott+Scott were "superlative, sophisticated, and determined plaintiff's lawyers."  *See*

10

*FX*, ECF No. 925 at 2; *FX*, ECF No. 926, ¶29.  The New York Supreme Court described Scott+Scott's representation of New York University concerning Bernie Madoff's Ponzi scheme as "superlative."  *New York Univ. v. Ariel Fund Ltd.*, No. 603803/08, slip. op. at 9-10 (N.Y. Sup. Ct. Mar. 1, 2010).

If appointed interim lead counsel, the following attorneys will primarily handle the litigation at Scott+Scott:

- **Christopher M. Burke** chairs Scott+Scott's competition practice and serves as co-lead counsel in *FX* and in *In re GSE Bonds Antitrust Litigation*, Case No. 1:19-cv-01704 (S.D.N.Y) ("*In re GSE Bonds*"). He served as co-lead counsel in, *inter alia*, *ISDAfix*, *Dahl*, and *In re Currency Conversion Antitrust Litig.*, No. 01-md-1409, MDL No. 1409 (S.D.N.Y.) ($336 million settlement).  Prior to joining the class action bar, Mr. Burke was an Assistant Attorney General at the Wisconsin Department of Justice.  He has twice been honored by the American Antitrust Institute for Outstanding Antitrust Litigation Achievement in Private Law Practice.

- **David R. Scott** is Scott+Scott's managing partner.  He regularly represents multinational companies and hedge funds in relation to U.S. and European antitrust litigation, and has been intricately involved in a number of the firm's recent class action claims, including *Dahl* and *Red Lion Medical Safety v. Ohmeda*, No. 06-cv-1010 (E.D. Cal.).  He has received widespread recognition for his antitrust work, including being elected to Who's Who Legal: Competition each year since 2015.

- **Amanda Lawrence** is a partner engaged in complex antitrust and securities litigation, and currently serves as co-lead counsel in *In re: GSE Bonds*.  Ms. Lawrence was intricately involved in *ISDAfix*, taking depositions and working through expert discovery, including numerous *Daubert* motions and responses.  Ms. Lawrence helped achieve a settlement in *Vulcan Society, Inc. v. The City of New York*, 07-CV-2067 (E.D.N.Y.), that brought both monetary and injunctive relief to a class of African American and Hispanic firefighters in New York City, as well as a settlement in *In re Prudential Insurance Company of America SGLI/VGLI Contract Litigation*, 3:11-md-02208-MAP (D. Mass.) that brought both forms of relief to relatives

11

of deceased servicemen and women.  Ms. Lawrence is a graduate of Dartmouth College and Yale Law School and is involved in numerous panels for women in the law.

- **Peter A. Barile III** is a partner in Scott+Scott's competition practice. He has 20 years of experience litigating complex antitrust and commodities cases.  He currently plays a leading role representing class plaintiffs in *In re ICE LIBOR Antitrust Litigation,* 1:19-cv-02002 (S.D.N.Y.).  Mr. Barile is or has been involved in a leading role in representing plaintiffs in a number of major antitrust and commodities manipulation class action cases, including: *Aluminum Warehousing, Crude Oil, Foreign Currency Exchange, ISDAfix, Online DVD, London Silver,* and *Zinc,* as well as agricultural-related antitrust and commodity class action litigation, including *In re Southeastern Milk Antitrust Litigation*.  Mr. Barile also has represented *amicus curiae* in major cases before the U.S. Supreme Court, including the landmark price fixing case, *Leegin Creative Leather Products, Inc. v. PSKS, Inc*.  Prior to joining the class action bar, Mr. Barile practiced for years with major defense law firms renowned for their historically leading antitrust practices.  He has received a number of professional honors, and he has published numerous articles and spoken on antitrust issues.  Currently, Mr. Barile serves on the U.S. Advisory Board of the Loyola Institute for Antitrust Studies and is the Secretary of the Antitrust Section of the Connecticut Bar Association.

Scott+Scott's core leadership team will be supported by a diverse group of talented associates and staff attorneys with experience in antitrust and commodities litigation.  *See* Burke Decl., Ex. A. Scott+Scott will commit the necessary experienced attorneys, professional staff, and substantial resources to effectively and efficiently prosecute the action.

### 2.    Cafferty Clobes Meriwether & Sprengel

Cafferty Clobes Meriwether & Sprengel LLP ("Cafferty Clobes") is a nationally-recognized litigation boutique with offices in Chicago, Michigan, and Pennsylvania.  The firm has more than 25 years' experience in antitrust, commodities, and other class action

litigation involving complex industries and financial markets.   As demonstrated in the attached firm resume, *see* Ex. A to Fata Declaration, Cafferty Clobes has helped class members recover billions of dollars and obtain prophylactic relief through leadership roles in numerous class actions. Some examples of past successes and recent cases include:

- ***Kamakahi v. American Society for Reproductive Medicine,*** No.3:11-cv-01781 (N.D. Cal.) ("*Kamakahi*").   As Co-Lead Counsel in this cutting edge antitrust matter, with no parallel government investigation, Cafferty Clobes successfully challenged the legality of ethical guidelines promulgated by two professional associations governing horizontal competitors that limited the compensation members were permitted to pay to women providing donor services for in-vitro fertilization procedures.   Cafferty Clobes achieved a groundbreaking settlement that requires the defendants to eliminate the compensation caps.

- ***In re Insurance Brokerage Antitrust Litig.***, MDL No. 1663 (D.N.J.) ("*In re Insurance Brokerage*").   As Co-Lead Counsel in this antitrust and RICO class action, Cafferty Clobes successfully prosecuted claims alleging that insurers and brokers conspired to allocate customers in a complex scheme to maximize revenues at the expense of customers.   Cafferty Clobes recovered more than $270 million for class members.

- ***In re Prandin Direct Purchaser Antitrust Litig.,*** Civ. No. 10-12141 (E.D. Mich.).   As Co-Lead Counsel for direct purchasers of the prescription drug repaglinide, Cafferty Clobes successfully prosecuted claims that the brand-name manufacturer illegally blocked FDA approval of generic versions.   Cafferty Clobes recovered $19 million for class members.

- ***In re TriCor Indirect Purchaser Antitrust Litig.***, No. 05-360 (D. Del).   As Lead Counsel for consumer and third-party payors, Cafferty Clobes successfully prosecuted claims alleging monopolization of fenofibrate products.   Cafferty Clobes recovered more than $65.7 million for class members.

- ***Hershey/Kohen v. Pacific Investment Management Co. LLC***, No. 05 C 4681 (N.D. Ill.).   As Liaison Counsel and class counsel in an action under the Commodity Exchange Act, Cafferty Clobes successfully

13

prosecuted claims alleging that a major bond fund manipulated 10-year Treasury Note futures traded on the Chicago Board of Trade through conduct in the underlying cash market. Cafferty Clobes helped recover more than $118 million for class members.

The attorneys at Cafferty Clobes will bring substantial experience to this case.  If appointed interim co-lead class counsel, the following attorneys will primarily handle the litigation at Cafferty Clobes:

- **Anthony Fata** has represented clients in complex financial matters for nearly 20 years.  After beginning his legal career defending clients in SEC enforcement and other white collar matters at McDermott Will & Emery, Mr. Fata joined Cafferty Clobes, where he has represented plaintiffs and defendants in a variety of antitrust, commodities, and securities matters.  He has served as liaison and class counsel in commodities manipulation cases such as *Kohen*, and *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-md-2262-NRB ("*In re LIBOR-Based Fin. Instruments*"), and recently was appointed to co-chair the Damages and Settlement Executive Committee in the *In re Apple Device Performance Litig.*, No. 18-md-02827-EJD, ECF No. 99 (N.D. Cal.).  He is a lead attorney in *Budicak, Inc., et al, v. Lansing Trade Group, LLC*, Case No. 18-cv-04966 (N.D. Ill.), a case involving wheat futures manipulation and conspiracy to inflate prices.  He is regularly called upon to serve as co-counsel in class actions involving commodities futures and options contracts.  In addition to practicing law, Mr. Fata is an adjunct professor at Seton Hall University School of Law, where he teaches LL.M and M.S.J. courses, including Securities Regulation, Corporate Finance, Regulating Broker-Dealers, Corporate Governance and Financial Crimes Compliance. Mr. Fata is a regular faculty member for the Practicing Law Institute's Internal Investigations Seminar in Chicago.

- **Ellen Meriwether** concentrates her practice in the area of antitrust litigation.  Ms. Meriwether has had leadership roles in some of the firm's most successful actions including: *In re Insurance Brokerage*, *Kamakahi*, *Nichols v. SmithKlineBeecham Corp.*, No. Civ.A.00-6222 (E.D. Pa), and *In re Relafen Antitrust Litigation*, No. 01-12239 (D. Mass.). She also represented the Attorney General for the State of Indiana in *In re Ductile Iron Pipe Fittings Antitrust Litig.*, No. 12-6667 (D.N.J.).  Ms. Meriwether is a Director of the American Antitrust Institute (AAI) and is co-chair of the Editorial Board of

14

ANTITRUST, a publication by the Antitrust Law Section of American Bar Association. Since 2010, Ms. Meriwether has been included in the US News and World Report Publication of "Best Lawyers in America" in the field of Antitrust. She has been named a "Pennsylvania Super Lawyer" since 2005 and has attained the highest rating, "AV," from Martindale-Hubbell. She is a frequent presenter on topics relating to complex, class action and antitrust litigation and has published a number of articles on subjects relating to class actions and antitrust litigation. Ms. Meriwether has also authored amicus appellate briefs, including briefs before Supreme Court on behalf of amicus the American Antitrust Institute in *American Express v. Italian Colors* and on behalf of amicus *Economists and other Social Scientists* in *Tyson Foods Inc. v. Bouaphakeo, et al.*

- **Jennifer W. Sprengel** began her legal practice in 1990 and is an experienced class action litigator, including antitrust, commodities, securities and consumer law claims. Ms. Sprengel has played major roles as co-lead counsel in actions involving such name-brand prescription drugs as Coumadin and Synthroid, and products such as CertainTeed. Federal Judge Herman Weber praised Ms. Sprengel's work on the co-lead counsel team as having provided "the highest professional service" to clients. Ms. Sprengel is a frequent speaker and author on the topic of eDiscovery and is a member of the Seventh Circuit Council on eDiscovery and Digital Information, formerly known as the Seventh Circuit's E-Discovery Pilot Program, which was initiated as a process to develop, implement, evaluate and improve pretrial litigation procedures to provide fairness to all parties while seeking to reduce the cost and burden of electronic discovery consistent with Rule 1 of the Federal Rules of Civil Procedure. She also serves as co-chair of the Antitrust Law subcommittee of the ABA Class Action and Derivative Suits committee. Ms. Sprengel has been the firm's managing partner for over 10 years.

- **Brian P. O'Connell** is an associate whose practice focuses on antitrust, commodities and securities litigation. He worked as a regulatory analyst for the Financial Industry Regulatory Authority ("FINRA"), focusing on options trading violations. After law school, he was a legal fellow at the chambers of Marvin E. Aspen in the United States District Court for the Northern District of Illinois. Before law school, he was a research analyst for the Chicago Board Options Exchange. Brian earned his J.D. from Northwestern University Pritzker School of Law and his undergraduate degree from Stanford University.

- **Christopher P.T. Tourek** is an associate whose practice focuses on antitrust and consumer protection matters. He has earned the distinction of Super Lawyers Illinois Rising Star – Class Action/Mass Torts every year since 2016. He earned his J.D. *cum laude* from the University of Illinois College of Law and his undergraduate degree from Lafayette College.

Cafferty's Clobes' core leadership team will be supported by a diverse and skilled group of talented attorneys with extensive experience in antitrust, commodities, and other complex litigation. *See* Fata Decl. at 7-8. Cafferty Clobes will commit the necessary experienced attorneys, professional staff, and substantial resources to effectively and efficiently prosecute this action.

## C.   Proposed Interim Co-Lead Class Counsel Are Knowledgeable of the Law

As illustrated above, Proposed Interim Co-Lead Class Counsel collectively have decades of experience prosecuting complex antitrust class actions. The experienced attorneys at these firms have acquired an extensive knowledge of the applicable substantive and procedural law over the course of their careers, and will use this expertise to efficiently litigate the case at hand for the benefit of the Classes.

## D.   Proposed Interim Co-Lead Class Counsel Have the Resources to Effectively Represent the Best Interests of the Proposed Classes

Courts examine the resources of counsel seeking appointment as interim lead counsel, particularly when the defendants are large corporations with substantial financial and legal resources. *Duqum v. Scottrade, Inc.*, Case No. 4:15-CV-1537-SPM, 2016 WL 1700427, at *2 (E.D. Mo. Apr. 28, 2016) (appointing counsel who "have a willingness and ability to commit resources to this litigation"); *Crocker v. KV Pharm. Co.*, 4:09-cv-198,

2009 WL 1297684, at *2 (E.D. Mo. May 7, 2009) (appointing counsel who had "more than adequate resources to manage the litigation").

Proposed Interim Co-Lead Class Counsel are prepared to commit the considerable financial and personnel resources necessary to effectively prosecute this litigation on behalf of the proposed Classes.  Indeed, they have already spent substantial monies in preparation of their complaint.  The best proof of their resources and capabilities is their track record: in the decades that they have been prosecuting complex actions, they have consistently advanced litigation costs in other matters of equal or greater size than the present case, and in doing so, have successfully litigated matters through settlements, trials, and appeals. *Duqum*, 2016 WL 1700427, at *2 (appointed counsels' work on present and prior cases "suggest[s] that they have a willingness and ability to commit resources to this litigation"); and *Lusk v. Life Time Fitness, Inc.*, No. 15-1911 JRT/JJK, 2015 WL 9858177, at *2 (D. Minn. July 10, 2015) (appointing firms with "substantial experience in complex security class action litigation and an ample record of success in such litigation").  For example, in *FX*, Scott+Scott has, to date, advanced over $10 million in costs.  Likewise, in *ISDAfix*, Scott+Scott advanced over $4.1 million in costs.

With respect to personnel resources, Proposed Interim Co-Lead Class Counsel have the necessary attorneys and professional staffs to effectively and efficiently prosecute the Action.  Moreover, Scott+Scott and Cafferty Clobes have worked together effectively and cooperatively in preparing the *R-CALF* Action.  And as demonstrated by their success in achieving private ordering, Scott+Scott and Cafferty Clobes will effectively organize and utilize the skills of the other Cattle Action counsel.

17

Finally, and importantly, Proposed Interim Co-Lead Class Counsel will strictly manage the time spent and the costs incurred in litigating this matter. In doing so, they recognize that they have a duty to efficiently and cost-effectively manage the case, thus ultimately maximizing the potential recovery for the proposed Classes.

## III. ROBINS KAPLAN SHOULD BE APPOINTED INTERIM LIAISON CLASS COUNSEL UNDER RULE 23(g)

Plaintiffs propose that Robins Kaplan LLP ("Robins Kaplan") serve as interim liaison class counsel for the proposed Classes ("Proposed Interim Liaison Counsel"). If appointed, Robins Kaplan will serve as a liaison for communications with the Court, the Defendants and the *Peterson* Action, ensure Plaintiffs' compliance with local rules, and otherwise assist Proposed Interim Co-Lead Class Counsel to prosecute the Cattle Actions. *See* [Proposed] Case Management Order No. 1, paragraphs 13 and 16.

In appointing interim liaison counsel, courts look to the factors considered in appointing interim lead counsel. *See e.g. In re Aurora Dairy Corp. Organic Milk Mktg. and Sales Practices Litig.*, 4:08 MD01907, 2008 WL 1805731, at *2-3 (E.D. Mo. Apr. 18, 2008); *Smith v. State Farm Mutual Auto. Ins. Co.*, 301 F.R.D. 284, at 288-89 (N.D. Ill., 2015).

Robins Kaplan is a leading national law firm. It has a distinguished antitrust and litigation practice and a significant presence in this District through its Minneapolis headquarters. *See* Ex. A to Slaughter Decl.[8] (Robins Kaplan firm profile). If appointed

---

[8]  Declaration of Stacey P. Slaughter in Support of Plaintiffs' Unopposed Motion for Entry of Case Management Order No. 1, filed concurrently herewith ("Slaughter Decl.").

interim liaison counsel, the following attorneys will primarily handle the litigation at Robins Kaplan:

- **K. Craig Wildfang** co-chairs Robins Kaplan's antitrust and trade regulation group and serves as co-lead counsel in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL No. 1720 (MKB) (JO) (E.D.N.Y.) ("*In re Payment Card Interchange Fee Litigation*"). He served as co-lead counsel in *Dahl* and counsel for opt outs in the *In re Vitamins Antitrust* and *In re Methionine Antitrust* MDLs. Prior to joining the class action bar, Mr. Wildfang was an Assistant Attorney General for the U.S. Department of Justice, Antitrust Division. He served on the American Antitrust Institute's Department of Justice Transition Committee for Obama's incoming DOJ Antitrust Division. Chambers, Lawdragon, and Minnesota Lawyer have recognized him as a top-ranked attorney.

- **Thomas J. Undlin** is a partner in the Robins Kaplan antitrust and trade regulation group and serves as co-lead counsel in *In re Payment Card Interchange Fee Litigation*. With more than 30 years in practice, Mr. Undlin has been involved in a number of the firm's complex, class action, and MDL cases, including *Omnicare v. UnitedHealth Group, Inc., et al.*, *In re LIBOR-Based Financial Instruments,* and *Dahl*, which earned him Attorney of the Year recognition by Minnesota Lawyer.

- **Stacey P. Slaughter** is a partner at Robins Kaplan with 20 years of experience in complex commercial, antitrust and financial litigation. The cases Ms. Slaughter has litigated have recovered more than $1 billion dollars for victims of anticompetitive conduct, fraud, and negligence. Ms. Slaughter played a leading role in the *Dahl* antitrust case and currently represents direct action plaintiffs in *In re LIBOR-Based Financial Instruments*. Recently, Ms. Slaughter was appointed to the plaintiffs' steering committee for two class action, consumer MDL cases. The National Law Journal has recognized Ms. Slaughter as a Litigation Trailblazer. Prior to joining the firm, Ms. Slaughter clerked in the U.S. District Court, D. Minnesota, for Judge Michael J. Davis and Paul A. Magnuson.

Furthermore, Robins Kaplan has a demonstrated record of accomplishment in working cooperatively with Proposed Co-Lead Class Counsel, having previously served as co-lead counsel, executive committee members or co-counsel on the following cases with

Scott+Scott, among others:  *In re Payment Card Interchange Fee*; *Dahl*; and *In re ICE LIBOR Antitrust Litigation*.   *See Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 362 (E.D. Mich. 2006) (proposed liaison counsel's prior working relationship with lead counsel supported its appointment).

For these reasons, Robins Kaplan meet the standards applied by courts for appointment as interim liaison counsel, and the Classes would benefit from them being appointed to that role.

## IV.   COUNSEL IN THE OTHER CATTLE ACTIONS SHOULD BE APPOINTED TO PLAINTIFFS' EXECUTIVE COMMITTEE

As further indication of the private ordering approach successfully employed here by all Plaintiffs' counsel, counsel in the other Cattle Actions (*i.e.*, *Sevy* and *Mendenhall Farms* Actions) will support the Proposed Interim Co-Lead Class Counsel and Liaison Counsel as members of Plaintiffs' Executive Committee.  Where, as here, there are multiple complex class actions on file against numerous large corporate alleged co-conspirators, it is often the case that Federal Courts appoint an executive or steering committee to support the work of interim lead class counsel, particularly where such a structure is the product of a stipulation.  *See*, *e.g.*, *Manual for Complex Litigation* §21.11, at 247 (explaining that "lawyers may stipulate to the appointment of a lead interim counsel and a steering committee to act for the proposed class").  Plaintiffs propose a four-firm executive committee consisting of the following four firms, each of which filed a Cattle Action and is highly accomplished in antitrust and complex class actions its own right: Gibbs Law Group LLP, Kirby McInerney LLP, Paul LLP, and Pearson, Simon &

Warshaw, LLP.  Proposed Interim Co-Lead Class and Liaison Counsel has worked with many of the attorneys at these firms, who would bring additional skills and resources that would benefit the Classes.  Under the proposed order, responsibilities of the Plaintiffs' Executive Committee would include: communicating regularly with Interim Co-Lead Class and Liaison Counsel and efficiently completing all pretrial litigation and trial work assigned by Interim Co-Lead Class Counsel.  Interim Co-Lead Class Counsel shall work in consultation with and supervise the Plaintiffs' Executive Committee, and assign work to members of the Plaintiffs' Executive Committee as reasonably required by the demands of the case.

The résumés of these firms are attached hereto as Exhibits to the respective declarations of Michael L. Schrag of Gibbs Law Group LLP, David E. Kovel of Kirby McInerney LLP, Richard M. Paul III of Paul LLP; and Daniel L. Warshaw of Pearson, Simon & Warshaw, LLP, each filed concurrently herewith.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Motion and enter the [Proposed] Order Case Management No. 1.

Dated:  June 7, 2019

**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**

*/s* Christopher M. Burke
Christopher M. Burke (*pro hac vice*)
600 W. Broadway
Suite 3300
San Diego, CA  92101
Tel.:   619-233-4565
Fax:   619-233-0508

21

cburke@scott-scott.com

David R. Scott (*pro hac vice*)
Amanda F. Lawrence (*pro hac vice*)
156 South Main Street
P.O. Box 192
Colchester, CT  06415
Tel.:   860-537-5537
Fax:   860-537-4432
david.scott@scott-scott.com
alawrence2scott-scott.com

Peter A. Barile III (*pro hac vice*)
Anjali Bhat (*pro hac vice*)
The Helmsley Building
230 Park Avenue
17th Floor
New York, NY  10169
Tel.:   212-223-6444
Fax:   212-223-6334
pbarile@scott-scott.com
abhat@scott-scott.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Anthony F. Fata (*pro hac vice*)
Christopher P.T. Tourek (*pro hac vice*)
Brian P. O'Connell (*pro hac vice*)
150 S. Wacker
Suite 3000
Chicago, IL 60606
Tel.:   312-782-4882
Fax:   312-782-4485
afata@caffertyclobes.com
ctourek@caffertyclobes.com
boconnell@caffertyclobes.com

Ellen Meriwether (*pro hac vice*)
205 N. Monroe St.
Media, PA 19063
Tel.:   215-864-2800
Fax:   215-864-2810
emeriwether@caffertyclobes.com

*Proposed Interim Co-Lead Class Counsel for the Plaintiffs*

**ROBINS KAPLAN LLP**
K. Craig Wildfang (Bar No. 0117043)
Thomas J. Undlin (Bar No. 0183751)
Stacey P. Slaughter (Bar No. 0296971)
800 LaSalle Avenue
Suite 2800
Minneapolis, MN  55402
Tel:    612-349-8500
Fax:    612-339-4181
kcwildfang@robinskaplan.com
tundlin@robinskaplan.com
sslaughter@robinskaplan.com

Hollis Salzman
Kellie Lerner
399 Park Avenue
Suite 3600
New York, NY  10022
Tel:    212-980-7400
Fax:    212-980-7499
hsalzman@robinskaplan.com
klerner@robinskaplan.com

*Proposed Interim Liaison Counsel for the Plaintiffs*