# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| RANCHERS CATTLEMEN ACTION LEGAL FUND UNITED STOCKGROWERS OF AMERICA; WEINREIS BROTHERS PARTNERSHIP; MINATARE FEEDLOT INC; CHARLES WEINREIS; ERIC NELSON; JAMES JENSEN d/b/a LUCKY 7 ANGUS; and RICHARD CHAMBERS AS TRUSTEE OF THE RICHARD C. CHAMBERS LIVING TRUST on Behalf of Themselves and All Other Similarly Situated,<br><br>                              Plaintiffs,<br>v.<br><br>TYSON FOODS, INC.; TYSON FRESH MEATS, INC.; JBS S.A.; JBS USA FOOD COMPANY; SWIFT BEEF COMPANY; JBS PACKERLAND, INC.; CARGILL, INCORPORATED; CARGILL MEAT SOLUTIONS CORPORATION; MARFRIG GLOBAL FOODS S.A.; NATIONAL BEEF PACKING COMPANY, LLC; and JOHN DOES 1-10;<br><br>                              Defendants.<br><br>[Caption continued on following page] | Case No. 0:19-cv-01222-JRT-HB |

10

| | |
|---|---|
| MICHAEL SEVY, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>TYSON FOODS, INC; TYSON FRESH MEATS, INC.; JBS S.A.; JBS USA FOOD COMPANY; SWIFT BEEF COMPANY; JBS PACKERLAND, INC.; CARGILL, INCORPORATED; CARGILL MEAT SOLUTIONS CORPORATION; MARFRIG GLOBAL FOODS S.A.; NATIONAL BEEF PACKING COMPANY, LLC; and JOHN DOES 1-10;<br><br>      Defendants. | Case No. 0:19-cv-01243-JRT-HB |
| DOUGLAS WRIGHT and SAM MENDENHALL (d/b/a MENDENHALL FARMS), individually and on behalf of others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>TYSON FOOD, INC.; TYSON FRESH MEATS, INC.; JBS S.A.; JBS USA FOOD COMPANY; SWIFT BEEF COMPANY; JBS PACKERLAND, INC.; CARGILL, INCORPORATED; CARGILL MEAT SOLUTIONS CORPORATION; MARFRIG GLOBAL FOODS S.A.; and NATIONAL BEEF PACKING COMPANY, LLC,<br><br>      Defendants. | Case No. 0:19-cv-01350- JRT-HB |

**[PROPOSED] CASE MANAGEMENT ORDER NO. 1**

WHEREAS, there are multiple proposed class actions pending in this Court alleging violations of antitrust and other laws against the Defendants in the above captioned actions relating to the procurement of fed cattle for slaughter;

WHEREAS, counsel for plaintiffs ("Plaintiffs") and defendants ("Defendants") (and collectively, the "Parties") in the above-captioned proposed class actions (collectively, the "Cattle Actions") have met and conferred and stipulate to the following initial case management provisions:

**A.  Consolidation of the Cattle Actions**

1.  Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Cattle Actions shall be consolidated.

2.  *Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. Tyson Foods, Inc.*, No. 0:19-cv-01222-JRT-HB (D. Minn.) shall be designated the "Lead Case File." A docket sheet shall be maintained for that file which shall include all filings subsequently consolidated with the Lead Case File.

3.  Any additional proposed class actions that may be filed in this judicial district and that arise out of conduct similar to that alleged in the Cattle Actions on behalf of any persons who (a) directly sold to a Defendant one or more fed cattle for slaughter or (b) transacted in live cattle futures and/or options traded on the Chicago Mercantile Exchange or another U.S. Exchange ("Subsequent Related Actions") shall be consolidated with the Cattle Actions pursuant to Paragraph 4, below.

4. Any Subsequent Related Actions later instituted in, removed to, or transferred to this Court (including cases transferred for pretrial purposes under 28 U.S.C. §1407) shall be consolidated with the Cattle Actions in the Lead Case File. When a Subsequent Related Action is filed in this Court, the Clerk shall make an appropriate entry on the docket sheet of the Lead Case File and mail a copy of this Order to the attorneys for the plaintiffs and any new defendants.

5. The terms of this Order shall apply automatically to Subsequent Related Actions falling within Paragraph 3, above, unless a party to the Subsequent Related Action objects within 14 days after receipt of a copy of this Order as provided in Paragraph 4, above.

6. Every pleading shall be filed in the Lead Case File and bear the following caption:

| **IN RE CATTLE ANTITRUST LITIGATION** | Lead Case No. 0:19-cv-01222-JRT-HB |
|---|---|

7. The Clerk shall close dockets 0:19-cv-01243 and 0:19-cv-01350. A notation shall be made on these dockets that upon entry of this Order, all papers shall be filed in the Lead Case File and no further papers shall be filed in the individual case dockets.

8. Any lawyer who has been admitted *pro hac vice* in any of the above actions need not seek *pro hac vice* admission in any other action; a single *pro hac vice*

13

admission in these proceedings is sufficient. Any lawyer who has filed a notice of appearance in any of the above actions need not notice an appearance in any other action; a single notice of appearance in these proceedings is sufficient. It is incumbent upon the lawyer to ensure his or her appearance is listed in the relevant consolidated proceedings for ECF purposes.

9. This Order shall not have the effect of making any person, firm, or corporation a party to any action in which they have not been added as such in accordance with the Federal Rules of Civil Procedure.

**B.  Appointment of Leadership of Plaintiffs' Counsel in the Cattle Actions**

10. Defendants take no position – and this Order does not impute to them any position – on the appointment of or responsibilities assigned to Lead and Liaison Counsel for the Cattle Actions.

11. In the interest of efficient management of the Cattle Actions, leadership of Plaintiffs' counsel in the Cattle Actions shall be organized as follows: There shall be two Interim Co-Lead Counsel; one Interim Liaison Counsel; and a four-firm Plaintiffs' Executive Committee.

12. **Interim Co-Lead Counsel:** The Court appoints Scott+Scott Attorneys at Law LLP ("Scott+Scott") and Cafferty Clobes Meriwether & Sprengel LLP ("Cafferty Clobes") as Interim Co-Lead Counsel in the Cattle Actions.

13. **Interim Liaison Counsel:** The Court appoints Robins Kaplan LLP as Interim Liaison Counsel in the Cattle Actions.

14. **Plaintiffs' Executive Committee:** The Court appoints the following firms to Plaintiffs' Executive Committee in the Cattle Actions: (i) Gibbs Law Group LLP; (ii) Kirby McInerney LLP; (iii) Paul LLP; and (iv) Pearson, Simon & Warshaw, LLP.

### C. Responsibilities of Leadership of Plaintiffs' Counsel in the Cattle Actions

15. Interim Co-Lead Counsel shall be responsible, either personally or by designee, for the overall conduct of the litigation on behalf of all Plaintiffs in the Cattle Actions, including providing supervision of all Plaintiffs' counsel in such actions. As Interim Co-Lead Counsel, Scott+Scott and Cafferty Clobes shall have the authority to:

   a. Promote the efficient conduct of this litigation and avoid unnecessary duplication and unproductive efforts by making and supervising all work assignments;

   b. Prepare and file a Consolidated Amended Complaint and any subsequent pleadings on behalf of the Plaintiffs in the Cattle Actions;

   c. Conduct all pretrial, trial, and post-trial proceedings on behalf of all Plaintiffs in the Cattle Actions and act as spokesperson for all such Plaintiffs;

   d. Conduct or coordinate discovery on behalf of all Plaintiffs in the Cattle Actions consistent with the Federal Rules of Civil

       Procedure, including preparation (or responses to) written discovery requests and examination (or defense) of witnesses in depositions;

e. Monitor activities of all counsel in the Cattle Actions and implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds are avoided by collecting from each firm regular time and expense reports in the form set forth by Interim Co-Lead Counsel;

f. Make and collect assessments from some or all counsel in the Cattle Actions for the purpose of paying the costs necessary to litigate the case;

g. Negotiate with defense counsel with respect to settlement and other matters;

h. Prepare any application for an award (or approval) of fees and reimbursement of expenses incurred by Plaintiffs in the Cattle Actions;

i. Consult with and retain expert witnesses for the Plaintiffs in the Cattle Actions;

j. Negotiate with, retain, and manage relations with outside vendor(s) for the collection, processing, or review of documents and electronically stored information produced in discovery;

    k.    Conduct or coordinate all negotiations with defense counsel regarding search and production protocols, manage the review of documents produced by Defendants and third parties (and production of documents by Plaintiffs in the Cattle Actions), and implement advanced analytics for the efficient review of documents as appropriate;

    l.    Coordinate and communicate as necessary with counsel for other parties in the actions regarding any matters addressed in this Order in order to ensure efficient use of Plaintiffs', Defendants', and the Court's time;

    m.    Ensure that all Cattle Plaintiffs' counsel and Plaintiffs are kept informed of the progress of this litigation as necessary; and

    n.    Otherwise coordinate the work of the Plaintiffs' Executive Committee and other counsel for Plaintiffs in the Cattle Actions, and perform such other duties as Interim Co- Lead Counsel deem necessary and appropriate based upon their judgment and consideration or as authorized by further Order of the Court.

16. Responsibilities of Interim Liaison Counsel include:

   a. Serving as liaison for communications with the Court and the Defendants (or Defendants' liaison counsel).

   b. Participating in discussions with Co-Lead Counsel in the Cattle Actions regarding the conduct of the litigation as described in the preceding paragraph.

17. Responsibilities of the Plaintiffs' Executive Committee include: communicating regularly with Interim Co-Lead and Liaison Counsel and efficiently completing all pretrial litigation and trial work assigned by Interim Co-Lead Counsel.

18. No motion shall be initiated or filed on behalf of any Plaintiff in the Cattle Actions except through the Interim Co-Lead and Liaison Counsel.

19. Interim Cattle Co-Lead and Liaison Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of any Plaintiff in the Cattle Actions, unless that authority is expressly delegated to a member of the Plaintiffs' Executive Committee or other counsel. Defendants' counsel may rely on all agreements made with Interim Co-Lead and Liaison Counsel for Plaintiffs, and such agreements shall be binding on all other Plaintiffs.

20. Interim Cattle Co-Lead and Liaison Counsel are designated as counsel for all Plaintiffs in the Cattle Actions upon whom all discovery, motions or other pleadings, notices, and correspondence shall be served, and Defendants shall serve papers on all Plaintiffs in the Cattle Actions by serving the Interim Co-Lead and Liaison Counsel by

electronic means in compliance with the Rules and Orders of this Court. Interim Co-Lead and Liaison Counsel shall jointly be responsible for maintaining a master service list of all parties and their respective counsel.

21. No communication among Plaintiffs' counsel in the Cattle Actions and counsel for Plaintiffs in *Peterson et al. v. Agristats, Inc. et al.*, Case No. 0:19-cv-01129-JRT-HB (D. Minn.) or among Defendants' counsel in the Cattle Actions and counsel for Defendants in *Peterson et al. v. Agristats, Inc. et al.*, Case No. 0:19-cv-01129-JRT-HB (D. Minn.) shall be asserted or taken as a waiver of any privilege or protection to which they would otherwise be entitled.

**D.   Case Management and Scheduling**

22. On or before June 21, 2019, the parties shall discuss whether and to what extent the Cattle Actions should be consolidated or coordinated with any other cases that have been or may be filed in the interim (including, without limitation, *Peterson et al. v. Agristats, Inc. et al.,* Case No. 0:19-cv-01129-JRT-HB (D. Minn.)), the dates for any motions to transfer or consolidate other cases, the date for filing a consolidated amended complaint ("CAC"), and other scheduling matters.

23. On or before June 28, 2019, the Parties will file: (a) a joint status report in the event that they are unable to agree on the items set forth in Paragraph 22, above, or, (b) a subsequent proposed case management order or other agreed motion setting forth the agreed-upon terms for the items set forth in Paragraph 22 above. No Defendant shall be obligated to respond to any Complaint(s) or the CAC until 60 days

19

after the later of (a) the Court's order on items raised in any joint status report or a subsequent case management order as referenced in this Paragraph or (b) the filing of a CAC via the Court's CM/ECF system.  If a Defendant files a motion to dismiss a Complaint or the CAC, Plaintiffs' opposition will be due 60 days thereafter, and any reply will be due 30 days after the opposition is filed.

24.    The parties stipulate and agree that entering into this Stipulation shall not constitute a waiver of (a) any jurisdictional defenses that may be available; (b) any affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, any defense listed in Rule 12(b) of the Federal Rules of Civil Procedure, or otherwise (including but not limited to any defense based on ineffective service), or (c) any other statutory or common law defenses that may be available to Defendants.  Defendants expressly reserve their rights to raise these and any other defenses available to them.

**SO ORDERED.**

Dated this_____day of_____, 2019.

                                          Hon. Hildy Bowbeer
                                        Magistrate Judge
                                        United States District Court for
                                         the District of Minnesota