# EXHIBIT A



Mayer Brown LLP
1999 K Street, N.W.
Washington, DC 20006-1101
United States of America

T: +1 202 263 3000
F: +1 202 263 3300
mayerbrown.com

**Mark W. Ryan**

T: +1 202 263 3338
F: +1 202 263 5338
MRyan@mayerbrown.com

August 8, 2019

BY EMAIL

Patrick McGahan
Scott & Scott Attorneys at Law LLP
156 South Main Street
Colchester, CT  06415

Re:     *In Re Cattle Antitrust Litigation*, 19-cv-1222
        (JRT/HB) (D. Minn.)

Dear Mr. McGahan:

      I write on behalf of all U.S. Defendants served in the litigation concerning information allegedly obtained from a so-called "Witness 1" and a "Witness 2" as set forth in the Consolidated Amended Class Action Complaint filed on July 15, 2019. It is clear from the Complaint that Plaintiffs should know the names of these individuals.  Fairness to the Defendants and openness with the Court at the motion to dismiss stage require that the names not be withheld any longer.

      Plaintiffs allege that "Witness 1" knows about an agreement among the Defendants "to collectively reduce their slaughter volumes."  Complaint ¶ 82.  But Plaintiffs offer no identifying information about this alleged witness, e.g., name, company with whom he or she worked, when Witness 1 learned of the alleged agreement or from whom.  See ¶¶ 82-83.  Similarly, Plaintiffs rely on an unidentified "Witness 2" to  allege how packers conducted business with feedlots. Among other allegations, Witness 2 supposedly claims that feedlots were threatened with retaliation or being blackballed if they failed to adhere to an alleged packer "convention."  See, e.g., ¶¶ 89, 94.  As with Witness 1, the Complaint fails to provide any identifying information about Witness 2.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Mayer Brown LLP

Patrick McGahan
August 8, 2019
Page 2

      We know of no good reason for Plaintiffs in this case to include highly inflammatory allegations in a Complaint that were supposedly made by individuals and then to keep the identities of those individuals secret. In light of the Court's schedule for filing motions to dismiss we request that you give us the names and relevant past employment information (i.e., which if any of the Defendants for whom the individuals formerly worked). In light of the approaching date for filing motions to dismiss we request that you provide the information by Tuesday, August 13. Thanks very much.

Regards,

Mark W. Ryan

cc: Defense Counsel