UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **In re Cattle Antitrust Litigation**<br><br>**Peterson, et al. v. Agri Stats, Inc. et al.** | **COURT MINUTES – CIVIL**<br>BEFORE: Hildy Bowbeer<br>U.S. Magistrate Judge |

| | |
|---|---|
| Case Nos.: | 19-cv-1222 (JRT/HB)<br>19-cv-1129 (JRT/HB) |
| Date: | March 3, 2020 |
| Court Reporter: | Erin Drost |
| Courthouse: | Saint Paul |
| Courtroom: | 6B |
| Time: | 10:04 a.m. – 11:37 a.m.<br>(1 hour 33 minutes) |

**APPEARANCES:**

For *Cattle* Plaintiffs: Amanda Lawrence, Anthony Fata (by telephone), Ellen Merriweather, Geoffrey Kozen, Jennifer Sprengel, Michael Srodoski, Stacey Slaughter, Thomas Undlin

For *Peterson* Plaintiffs: Arielle Wagner, Brian Clark, Shana Scarlett (by telephone), Joseph Bruckner (by telephone)

For *Cattle* Defendants: David Graham, Jon Jacobs (by telephone), Susan Foster, Ulrike Connelly, Christopher Morris, Patrick Brookhouser, Holley Horrell, Kathryn Hibbard, Benjamin Ellison, Paula Render

For *Peterson* Defendants: Donald Heeman, Sami Rashid, Stephen Neuwirth (by telephone), Holley Horrell, Kathryn Hibbard, Benjamin Ellison, Paula Render, David Graham, Jon Jacobs (by telephone), Susan Foster, Ulrike Connelly

**PROCEEDINGS:**

The Court and counsel discussed aspects of three key matters identified in the parties' Joint Status Report and Letter Brief [Doc. No. 192 in *Cattle*; Doc. No. 143 in *Peterson*]. The Court and the parties agreed the parties could present their disputes via a joint submission, rather than full motion briefing, but that the parties reserve all rights of appeal under D. Minn. L. R. 72.2 as though the disputes had been briefed and submitted in accordance with D. Minn. L.R. 7.1(b).

First, the Court heard arguments on Defendants' motion for a stay of all discovery pending decision on their motions to dismiss. Plaintiffs do not seek full discovery, but wish to move forward with, *inter alia,* initial disclosures, a Rule 26(f) report and Rule 16 scheduling conference, an ESI protocol and protective order, production by Defendants of certain categories

of documents and information, and Rule 34 requests for production (for the purpose of beginning a meet and confer process regarding Defendants' objections to those requests).  (*See* Doc. Nos. 192-1 in *Cattle/*143-1 in *Peterson* Exs. E and F.)

The Court next heard argument on the remaining disputed term in the parties' proposed protective order, regarding whether a party who inadvertently produces a privileged document that is subsequently used in the litigation (e.g., as an exhibit to an expert report, in a hearing, in a deposition, etc.) would have a limited period after that use within which to seek to "clawback" the document.  (*See* Doc. Nos. 192-1 in *Cattle/*143-1 in *Peterson* Exs. C and D.)

Finally, the Court heard argument on the disputed terms of the parties' proposed ESI protocol, including whether the protocol at this time will establish a defined period for responses by ESI liaisons to inquiries from another party; whether the parties will be required to meet and confer regarding preservation of ESI and whether a specific "end date" for preservation should be set by the Court; whether a provision regarding preservation of metadata in native files should be included; and whether the protocol at this time should include terms regarding culling and reviewing ESI and paper documents.  *(See* Doc. Nos. 192-1 in *Cattle/*143-1 in *Peterson* Exs. A and B.)

The Court took all of the disputes under advisement and will issue written orders in due course.

*s/Erin Emory*
Judicial Law Clerk