# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE CATTLE ANTITRUST LITIGATION | Civil No. 19-cv-1222 (JRT/HB) |
| *This document relates to:*<br><br>ALL CASES | |
| KENNETH PETERSON, et al.<br><br>         Plaintiffs,<br><br>v.<br><br>JBS USA FOOD COMPANY HOLDINGS, TYSON FOODS, INC., CARGILL, INC., and NATIONAL BEEF PACKING COMPANY,<br><br>         Defendants. | Case No. 0:19-cv-1129 (JRT/HB) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO NARROWLY LIFT THE DISCOVERY STAY TO REQUIRE DEFENDANTS TO PRODUCE DOCUMENTS RECENTLY PROVIDED TO THE DOJ**

Plaintiffs respectfully move the Court for a narrowly tailored, partial lift of the discovery stay entered on April 14, 2020, and ask that Defendants[1] be required to produce only those documents they produced (or are currently producing) to the United States Department of Justice (the "DOJ") in response to recent civil investigative demands ("CID"s).

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This action concerns a price-fixing conspiracy among Defendants to depress the price of fed cattle in violation of the Sherman Act, the Packers & Stockyards Act, and the Commodity Exchange Act.[2] The following timeline is relevant to this request:

- On February 25, 2020 the parties filed a Joint Status Report and Letter Brief (ECF No. 192) ("Letter Brief") discussing, *inter alia,* to what extent discovery should proceed while Defendants' motions to dismiss were pending. In the Letter Brief, Plaintiffs requested that Defendants be required, among other things, to produce certain prior productions to specified regulators, as well as transaction data provided to the U.S. Department of Agriculture. *See* Letter Brief at 6.

---

[1] Defendants to this action are: "Tyson" Defendants, Tyson Foods, Inc. and Tyson Fresh Meats, Inc.; "JBS" Defendants, JBS S.A., JBS USA Food Company, LLC, Swift Beef Company, Inc., and JBS Packerland, Inc.; "Cargill" Defendants, Cargill, Inc., Cargill Meat Solutions Corporation Inc.; and National Beef Packing Company, LLC ("National Beef").

[2] Unless otherwise stated, capitalized terms and acronyms shall have the same meaning as set forth in the Second Consolidated Amended Class Action Complaint ("Complaint"), ECF 125. References to "ECF" are to the docket of *In re Cattle Antitrust Litigation*, 19-cv-1222 (JRT/HB).

1

- On March 3, 2020, the Court heard arguments on these issues at a case management conference ("March 3 Hearing").

- On April 14, 2020, the Court entered an order ("Order") declining to grant the request for past productions to regulators, citing concerns over identification, gathering, and relevance.

- Since the entry of the Order, there has been a veritable onslaught of pressure on the DOJ and other federal regulators by various State Attorneys General and State and Federal representatives and senators to investigate price fixing and anticompetitive behavior in the cattle industry. *See* Exhibits A-F of the Declaration of Amanda F. Lawrence in Support of Plaintiff's Motion to Narrowly Lift the Discovery Stay to Require Defendants to Produce Documents Recently Provided to the DOJ, filed contemporaneously in support of this motion ("Lawrence Declaration") (all subsequent references to "Ex." refer to exhibits to the Lawrence Declaration).

- On June 4, 2020, Bloomberg reported that the DOJ had served civil investigation demands ("CIDs") upon each Defendant "over potential antitrust violations" as part of its confirmed investigation into the cattle industry.[3]

---

[3] David McLaughlin, *DOJ Subpoenas Four Biggest Meatpackers in Antitrust Probe*, BLOOMBERG, June 4, 2020, https://www.bloomberg.com/news/articles/2020-06-04/doj-subpoenas-four-biggest-meatpackers-in-antitrust-probe. See Ex. G. National Beef acknowledged the receipt of the CIDs on June 4, 2020. *Id.* The remaining Defendants acknowledged their receipt of the CIDs "as reported in the media" during oral arguments held before Judge Tunheim on Defendants' motions to dismiss on June 8, 2020.

- On June 8, 2020, this Court heard oral argument on Defendants' motions to dismiss.[4]

- On June 19, 2020, Plaintiffs served Defendants with their initial Rule 34 requests for production, in which they seek the production of documents and communications concerning certain of Defendants' past regulatory productions. *See* Ex. J, Request 3 at 17-18. While the Court permitted Rule 34 requests in its Order, Defendants are not required to produce any responsive documents until the Court issues a decision on the motions to dismiss. It is further unclear from their responses whether Defendants will even produce the documents produced to the DOJ pursuant to the June 2020 CIDs.[5]

---

[4] Also worth noting is that on June 3, 2020, two of Defendant JBS's executives responsible for its broiler chicken business were indicted for price fixing. Brett Kendall and Jacob Bunge, *Chicken Industry Executives, Including Pilgrim's Pride CEO, Indicted on Price-Fixing Charges*, THE WALL STREET JOURNAL, June 3, 2020, wsj.com/articles/chicken-industry-executives-including-pilgrim-s-pride-ceo-indicted-for-price-fixing-11591202113. See Ex. H.

Defendant Tyson Foods subsequently confirmed that it is the ACPERA leniency applicant in the DOJ's broiler chicken investigation. Tyson Foods, Inc., Current Report (Form 8-K), June 10, 2020, http://d18rn0p25nwr6d.cloudfront.net/CIK-0000100493/e5ca416b-b5f0-4211-8ed1-5005577eabf0.pdf. See Ex. I.

[5] *See, e.g.*, Defendant Cargill, Incorporated's Response to Consumer Indirect Purchaser Plaintiffs' First Request for Production of Documents to All Defendants, Response no. 3 at 17 (will produce documents produced "by Cargill during the time period from January 1, 2014 through December 31, 2019…"). See Ex. K.

3

- On July 10, 2020, Plaintiffs wrote to Defendants requesting their consent for the proposed amendment to the April 14, 2020 order. After meeting and conferring, the parties could not reach agreement on Plaintiffs' request.

Plaintiffs, therefore, now ask the Court to lift the partial discovery stay for the limited purpose of requiring Defendants to produce to Plaintiffs the documents and information they have produced (or are currently producing) to the DOJ in response to the CIDs reportedly served in or around June 2020 ("June 2020 CIDs").[6]

## ARGUMENT

"The power of a district court to stay discovery in an action pending on its docket is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *LNV Corp. v. Outsource Serv. Mgmt., LLC*, No. 13-CV-1926 (JNE/LIB), 2013 WL 12180768, at *2 (D. Minn. Nov. 14, 2013).[7] Inherent in the power to grant a stay is the

---

[6] Mindful of the Court's Order instructing requests to be made pursuant to Rule 34, Plaintiffs' Rule 34 requests do seek the production of regulatory documents and information. However, this motion is necessary given the recent disclosure of service of the June 2020 CIDs. As discussed herein, those documents are directly relevant and clearly "off the shelf." Courts routinely require Defendants to disclose productions made to regulators conducting parallel investigations that are plainly relevant to plaintiffs' suit without requiring the parties to first engage in the Rule 34 process. *See, e.g., in re GSE Bonds Antitrust Litigation,* Civil Case Management Plan, Case No. 1:19-cv-01704-JSR, Docket No. 169, May 14, 2019 (attached as Ex. L); *in re: Lithium Ion Batteries Antitrust Litigation*, Order re: Production of Information Produced to Grand Jury, Case No. 13-md-02420, Docket No. 200, May 21, 2013 (attached as Ex. M); *In re Diisocyanates Antitrust Litig.*, Order, No. 2:18-mc-01001, ECF No. 149 (W.D. Pa. Jan. 15, 2019) (attached as Ex. N).

[7] Unless otherwise indicated, citations are omitted and emphasis is added.

4

power and discretion to lift that stay when appropriate. *See Thomas v. Home Depot USA Inc.*, No. C06-02705 MJJ, 2007 WL 2140917, at *1 (N.D. Cal. July 25, 2007) ("The power to grant a stay includes the inherent power and discretion to lift that stay."); *cf. Jones v. Clinton*, 72 F.3d 1354, 1361 (8th Cir. 1996) ("The trial court has broad discretion to control the scheduling of events in matters on its docket.").

When deciding whether conditions are appropriate for lifting a stay, courts in this district perform the same analysis as when issuing a discovery stay and ask whether the movant has made a showing of "good cause." *See In re St. Jude Med., Inc., Silzone Heart Valves Prod. Liab. Litig.*, No. 01-1396 JRT/FLN, 2001 WL 1640056, at *2 (D. Minn. Aug. 21, 2001) ("Relief from this [discovery] stay may be granted for good cause shown . . . .") (Tunheim, J.). The "good cause" inquiry, in turn, looks to several factors, including "the scope of the discovery, the potential harm to the plaintiff if discovery is delayed, the potential hardship or injustice to the defendant if discovery proceeds, and the resources of the parties and the Court." *In re Pork Antitrust Litig.*, Case No. 18-CV-1776 (JRT/HB), 2019 WL 480518, at *3 (D. Minn. Feb. 7, 2019) (Bowbeer, J.).

All of these factors favor lifting the stay for the limited purpose of ordering Defendants to produce to Plaintiffs documents produced to the DOJ pursuant to the June 2020 CIDs.

**A.   Scope of Discovery Sought**

Importantly, Plaintiffs are asking to lift the stay solely for Defendants to be ordered to produce documents produced by them to the DOJ in response to the June 2020 CIDs. While Defendants previously argued Plaintiffs' requests were "broad ranging" and

5

concerned documents produced to several different agencies with respect to several investigations (Letter Brief at 15), that argument no longer stands. Plaintiffs' discovery request is narrowly tailored, for a very specific and identifiable set of documents: all documents provided to the DOJ pursuant to the June 2020 CIDs.

These documents are also clearly relevant.[8] Plaintiffs have alleged an ongoing conspiracy, Complaint at ¶¶1, 173-83, and the concurrent investigations are indisputably relevant to the allegations in the complaints. The publicly available letters to the DOJ reference, for example, "the dynamics that are depriving cattle ranchers and American consumers of the benefits of a competitive cattle industry,"[9] "potential market and price manipulation, collusion, restrictions on competition and/or other unfair and deceptive practices" within the cattle market,[10] and "growing concentration in the meatpacking and processing industry, and any anticompetitive behavior resulting from this concentration."[11] These allegations are the same as Plaintiffs allege in their complaints, thus mandating production of the documents. *See, e.g.*, *In re Milk Prod. Antitrust Litig.*,

---

[8] In its Order, the Court raised concerns as to whether past regulatory productions were "so clearly relevant in their entirety" as to warrant an exception to the parties' negotiated stay. Order at 4.

[9] Letter from Attorneys General Stenehjem (ND), Weiser (CO), Schmitt (MO), Fox (MT), Brnovich (AZ), Wasden (ID), Miller (IA), Ellison (MN), Peterson (NE), Ravnsborg (SD), and Hill (WY) to U.S. Attorney General Barr, May 5, 2020, attached as Ex. D.

[10] Letter from U.S. Senator Grassley to U.S. Attorney General Barr and U.S. Secretary of Agriculture Purdue, March 31, 2020, attached as Ex. O.

[11] Letter from U.S. Senators Halwey and Baldwin to Federal Trade Commission, April 29, 2020, attached as Ex. B.

84 F. Supp. 2d 1016, 1027–28 (D. Minn. 1997) ("[T]o the extent that [documents produced to regulators] may lead to discoverable information, Defendants must turn them over.").

## B. Potential Harm to Plaintiffs

Without the requested discovery, Plaintiffs (who filed their initial complaint well over a year ago) will be unable to keep pace with developments in the investigations, and Plaintiffs will be hindered in making informed decisions as to litigation strategy and settlement.  It may be several months before Defendants' motions to dismiss are decided, and in those months, Plaintiffs will be at a significant information disadvantage to the Defendants and the government regulators who are not subject to this Court's stay.  *In re: Pre-Filled Propane Tank Antitrust Litig.*, Master Case No. 14-02567-MD-W-GAF, 2015 WL 11022887, at *4 (W.D. Mo. Feb. 24, 2015) ("[I]n a case involving a concurrent governmental investigation, a stay on discovery of material submitted to a government agency would put the plaintiffs at a comparative disadvantage.")

Additionally, there can be no question that these documents will need to be produced immediately upon any entry denying Defendants' motions to dismiss as they are discoverable and relevant.  If Plaintiffs are required to wait months until that decision (and any weeks or months of negotiations that ensue following the decision) to receive crucial documents that could otherwise be produced, they are further harmed.  For this reason, courts regularly order the production of documents produced to the DOJ prior to a decision on the motion to dismiss.  *See, e.g.*, *GSE Bonds*, Civil Case Management Plan; *Lithium Ion Batteries*, Order re: Production of Information Produced to Grand Jury; *In re*

7

*Platinum & Palladium Commodities Litig.*, 10 Civ. 3617 (WHP), 2010 WL 11578945, at *1 (S.D.N.Y. Nov. 30, 2010); *in re High-Tech Employee Antitrust Litig.*, Minute Order and Case Management Order, No. 11-cv-2509-LHK, Docket No. 88, Oct. 26, 2011 (attached as Ex. P).

C.    **Burden on Defendants and Resources of Parties**

The limited requested discovery places a *de minimus* burden on Defendants. While Defendants previously argued that Plaintiffs' prior requests for government documents were burdensome because of the various entities and inquiries involved, that concern has been vitiated. Plaintiffs' renewed request is narrow and particularized. No additional resources will be spent determining what documents fall within the requested discovery as Plaintiffs ask solely for documents produced to the DOJ pursuant to the June 2020 CIDs.

Plaintiffs' narrow request also eliminates Defendants' concerns that the prior Plaintiff requests for documents submitted to regulators are not "off-the-shelf" productions. Transcript of March 3, 2020 Hearing, ECF No. 194, at 35:2-3; 34:23-24. In fact, this application is simply to receive a copy of the documents Defendants are already compiling, reviewing, and producing to the DOJ in response to the June CIDs. Also removed is Defendants' primary argument in the Letter Brief and at the March 3 Hearing: the alleged costs of antitrust discovery. The only cost or burden incident to Plaintiffs' request is the cost of making an additional copy. Indeed, courts routinely find that "[t]he burden on the defendants is slight when a defendant 'has already found, reviewed and organized the documents.'" *In re Equifax Inc. Sec. Litig.*, No. 1:17-CV-3463-TWT, 2018

8

WL 3023278, at *4 (N.D. Ga. June 18, 2018); *Platinum & Palladium Commodities*, 2010 WL 11578945, at *1 (request that defendants produce "approximately 250,000 pages" of records previously produced to CFTC "not overly burdensome").

Therefore, each factor considered by a court in determining whether to lift a stay weighs heavily in favor of Plaintiffs' limited request here.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Narrowly Lift the Discovery Stay should be GRANTED and Defendants should be ordered to produce to Plaintiffs documents they produced to the DOJ pursuant to the June 2020 CIDs.

Dated: July 24, 2020

    **SCOTT+SCOTT**
    **ATTORNEYS AT LAW LLP**

    /s/ Amanda F. Lawrence
    David R. Scott (*pro hac vice*)
    Amanda F. Lawrence (*pro hac vice*)
    Patrick J. McGahan (*pro hac vice*)
    Michael P. Srodoski (Bar No. 0398250)
    156 South Main Street
    P.O. Box 192
    Colchester, CT  06415
    Tel.:  860-537-5537
    Fax:  860-537-4432
    david.scott@scott-scott.com
    alawrence@scott-scott.com
    msrodoski@scott-scott.com

    Christopher M. Burke (*pro hac vice*)
    **SCOTT+SCOTT**
    **ATTORNEYS AT LAW LLP**
    600 W. Broadway, Suite 3300
    San Diego, CA 92101
    Tel.: 619-233-4565
    Fax: 619-233-0508
    cburke@scott-scott.com

Anthony F. Fata (*pro hac vice*)
Jennifer W. Sprengel (*pro hac vice*)
Christopher P.T. Tourek (*pro hac vice*)
Brian P. O'Connell (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
150 S. Wacker
Suite 3000
Chicago, IL 60606
Tel.: 312-782-4882
Fax: 312-782-4485
afata@caffertyclobes.com
jsprengel@caffertyclobes.com
ctourek@caffertyclobes.com
boconnell@caffertyclobes.com

Ellen Meriwether (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe St.
Media, PA 19063
Tel.: 215-864-2800
Fax: 215-864-2810
emeriwether@caffertyclobes.com

*Interim Co-Lead Counsel for the Cattle Plaintiffs*

K. Craig Wildfang (Bar No. 0117043)
Thomas J. Undlin (Bar No. 0183751)
Stacey P. Slaughter (Bar No. 0296971)
**ROBINS KAPLAN LLP**
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
Tel: 612-349-8500
Fax: 612-339-4181
kcwildfang@robinskaplan.com
tundlin@robinskaplan.com
sslaughter@robinskaplan.com

Hollis Salzman
Kellie Lerner
**ROBINS KAPLAN LLP**
399 Park Avenue
Suite 3600
New York, NY 10022
Tel: 212-980-7400
Fax: 212-980-7499
hsalzman@robinskaplan.com
klerner@robinskaplan.com

*Liaison Counsel for the Cattle Plaintiffs*

Shana E. Scarlett (*pro hac vice*)
Rio S. Pierce (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
riop@hbsslaw.com

Steve W. Berman (*pro hac vice*)
Breanna Van Engelen (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

W. Joseph Bruckner (MN #0147758)
Brian D. Clark (MN #0390069)
Elizabeth R. Odette (MN #0340698)
Arielle S. Wagner (MN #0398332)
Stephanie A. Chen (MN #0400032)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

T: (612) 339-6900
F: (612) 339-0981
wjbruckner@locklaw.com
erodette@locklaw.com
bdclark@locklaw.com
aswagner@locklaw.com
sachen@locklaw.com

*Interim Co-Lead Class Counsel for Plaintiffs in the <u>Peterson</u> Action*