# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE CATTLE ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL CASES | Case No. 19-cv-1222 JRT/HB |
| KENNETH PETERSON, et al.<br><br>         Plaintiffs,<br><br>v.<br><br>JBS USA FOOD COMPANY HOLDINGS, TYSON FOODS, INC. CARGILL, INC., and NATIONAL BEEF PACKING COMPANY,<br><br>         Defendants, | Case No. 19-cv-1129 JRT/HB |

**Defendants' Memorandum of Law in Opposition to Plaintiffs' "Motion to Narrowly Lift the Discovery Stay to Require Defendants to Produce Documents Recently Provided to the DOJ"**

TABLE OF CONTENTS

Table of Authorities……………………………………………………………….. ii

Summary of Argument…………………………………………………………… 1

Statement of Facts………………………………………………………………… 2

Argument…………………………………………………………………………. 5

Conclusion……………………………………………………………………….. 13

## TABLE OF AUTHORITIES

*Edstrom v. Anheuser-Busch InBEV SA/NV*, No. 13-CV-01309 MMC (NC),
  2013 WL 4529725 (N.D. Cal. Aug. 26, 2013) ------------------------------------8, 12

*In re Domestic Airline Travel Antitrust Litig.*, 174 F. Supp. 3d 375 (D.D.C.
  2016) -------------------------------------------------------------------------- 6, 7, 11

*In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2008 WL 62278
  (N.D. Cal. Jan. 4, 2008) -----------------------------------------------------------12-13

*In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417 WHA, 2007
  WL 2127577 (N.D. Cal. July 24, 2007) ---------------------------------- 8, 9, 12, 13

*In re LIBOR-Based Financial Instruments Antitrust Litig.*, No. 11-MD-2262
  (NRB), ECF No. 489 (S.D.N.Y. Oct. 18, 2013)-------------------------------------- 12

*In re Platinum and Palladium Antitrust Litig.*, No. 14-cv-9391-GHW, ECF
  No. 48 (S.D.N.Y. Apr. 21, 2015)--------------------------------------------------9, 10, 11

*In re Rail Freight Fuel Surcharge Antitrust Litig.*, 1:07-MC-00489-PLF-GMH,
  ECF No. 114 (D.D.C. June 23, 2008)------------------------------------------------- 12

*In re Term Commodities Cotton Futures Litig.*, No. 12 Civ. 5126(ALC)(KNF),
  2013 WL 1907738 (S.D.N.Y. May 8, 2013) ----------------------------------------- 12

*In re: Pre-Filled Propane Tank Antitrust Litig.*, No. 14-02567-MD-W-GAF,
  2015 WL 11022887 (W.D. Mo. Feb. 24, 2015) -------------------------------8, 11, 12

*In re: Wholesale Grocery Prod. Antitrust Litig.*, No. CV09MD2090ADMAJB,
  2010 WL 11469883 (D. Minn. Mar. 3, 2010)---------------------------------- 10, 12

*Remote Techs., Inc. v. Data Int'l Co.*, No. CV 10-1678 (MJD/JSM), 2012 WL
  13028102 (D. Minn. Aug. 29, 2012)-------------------------------------------------6

## SUMMARY OF ARGUMENT

Plaintiffs (1) request that this Court reconsider its April 14 Order staying all document discovery pending resolution of Defendants' motions to dismiss ("Stay Order"), and (2) seek to end-run the Rule 34 Request for Production process established in that Stay Order. But Plaintiffs fail to provide the "compelling circumstances" required by Local Rule 7.1(j) to reconsider that Order,[1] let alone good cause to lift the discovery stay.

When this Court issued its Stay Order that specifically denied Plaintiffs' request for materials produced to government regulators from 2014, it was well aware of calls for the U.S. Department of Justice ("DOJ") to open an antitrust investigation and issue Civil Investigative Demands ("CIDs"). The fact that those CIDs issued later justifies neither reconsideration of this Court's Stay Order nor lifting of the discovery stay. Numerous courts have rejected similar requests by antitrust plaintiffs to partially lift a discovery stay when defendants have produced documents to antitrust regulators. Those courts found that the burden on defendants outweighs any prejudice to the plaintiffs. This Court should do the same.

---

[1] Under the Local Rules, motions to reconsider are prohibited "[e]xcept with the court's prior permission," which is granted only upon a showing of "compelling circumstances." D. Minn. L.R. 7.1(j).

- 2 -

## STATEMENT OF FACTS

On February 25, 2020, the parties filed a Joint Status Report and Letter Brief,[2] describing their positions on whether, and if so, to what extent discovery and/or discovery planning should proceed while the Court considers Defendants' motions to dismiss. In that Letter Brief, Plaintiffs requested that Defendants be required, among other things, to produce certain documents and communications supplied "from January 1, 2014"[3] to the DOJ, U.S. Department of Agriculture ("USDA"), U.S. Government Accountability Office ("GAO"), Grain Inspection, Packers and Stockyards Administration ("GIPSA"), U.S. Commodity Futures Trading Commission ("CFTC"), and self-regulatory boards of the Chicago Mercantile Exchange. *See* Letter Brief, at 7 & Pls.' Proposed Order Re: Discovery, ECF No. 192-5, at 3-4. Defendants objected to Plaintiffs' requested discovery because of the burden and because the ruling on the motions to dismiss could either end the case altogether or dramatically affect the scope of discovery. Letter Brief, at 16-17.

---

[2]  Joint Status Report and Letter Brief, ECF No. 192 ("Letter Brief"). Unless otherwise noted, references to ECF are to the docket of *In Re Cattle Antitrust Litigation*, 19-cv-1222 (JRT/HB). Citations are to the page numbers assigned by the CM/ECF system.

[3]  As Defendants noted at the time, "Plaintiffs' proposed order says only 'from January 1, 2014,' but Defendants presume they mean 'from January 1, 2014 to present.'" Letter Brief, at 16 n.1.

On March 3, 2020, the Court heard arguments on these issues. *See* ECF No. 193. After that hearing, but before the Court ruled on these issues, *Cattle* Plaintiffs wrote the Court about what Plaintiffs described as "two developments [that] bolstered Plaintiffs' position." Letter from Stacey P. Slaughter to The Honorable Hildy Bowbeer dated April 6, 2020 [attached as Ex. A].[4] Those "two developments" involved requests by U.S. Senators that the DOJ open an antitrust investigation into alleged price fixing in the cattle and beef markets. *Id.*

On April 14, 2020, this Court entered an Order, ECF No. 196 (the "Stay Order"), in which it ruled that the parties may serve a limited number of Rule 34 requests but that no party would be required to produce *any* documents in response to those Requests while Defendants' motions to dismiss remain pending. The Court ruled that the only documents or information the parties would be required to produce while those motions to dismiss were pending were those the Court specified in Attachment 1 (which Defendants have already produced), which relate to document retention and technology use policies, ESI systems, email systems, non-custodial data sources, recordkeeping,

---

[4] Unless otherwise stated, all citations to "Ex." refer to exhibits attached to the Declaration of David P. Graham in Support of Defendants' Opposition to Plaintiffs' "Motion to Narrowly Lift the Discovery Stay to Require Defendants to Produce Documents Recently Provided to the DOJ" ("Graham Decl.").

- 3 -

organization structure, and employees' roles from January 1, 2014 to December 31, 2019. Stay Order, at 2-5, 10 & Attachment 1.

In so ruling, the Court took "into account the interests that favored deferring a significant burden of discovery that might ultimately prove unnecessary, as well as the interests that favored moving the litigation forward efficiently and expeditiously if the motions to dismiss are denied in whole or in part," and found that allowing only this limited discovery would allow "significant and meaningful progress [to] be made on a number of fronts, while still conserving resources and moderating unfairness or prejudice." *Id.* at 9. As to Plaintiffs' specific request that Defendants produce documents produced to government regulators, including the DOJ, the Court held that those documents were not "so easily identified and gathered and so clearly relevant in their entirety that they should be excepted from the parties' agreements to forgo document production pending resolution of the motions to dismiss," such that Defendants should be required to produce those documents while the motions to dismiss remain pending. *Id.* at 3-4.

In late May, Cargill, Incorporated, JBS USA Holdings, Inc., National Beef Packing Company, LLC, and Tyson Foods, Inc., received identical CIDs from the DOJ Antitrust Division.[5] Each CID has three requests (referred to as

---

[5] *See* Graham Decl. Ex. E; Declaration of Kathryn N. Hibbard in Support of Defendants' Opposition to Plaintiffs' "Motion to Narrowly Lift the Discovery

"Specifications" in the CIDs). The first requests documents that the Plaintiffs in these cases already possess.[6] The other two requests are very similar to the requests Plaintiffs made back in February that this Court denied in its Stay Order—specifically, they call for documents that Defendants have produced to two different federal agencies in connection with investigations in the fed cattle, beef packing, and fed cattle futures markets.[7] For the following reasons, production of these documents should be denied.

## ARGUMENT

### PLAINTIFFS HAVE NOT SHOWN COMPELLING CIRCUMSTANCES FOR RECONSIDERING, OR GOOD CAUSE FOR LIFTING, THIS COURT'S STAY ORDER

When this Court stayed document discovery in April, it was aware of calls for the DOJ to open an antitrust investigation and issue CIDs. The fact that those CIDs have now issued does not provide compelling circumstances

---

Stay to Require Defendants to Produce Documents Recently Provided to the DOJ" ("Hibbard Decl.") Ex. A; Declaration of Benjamin L. Ellison in Support of Defendants' Opposition to Plaintiffs' "Motion to Narrowly Lift the Discovery Stay to Require Defendants to Produce Documents Recently Provided to the DOJ" ("Ellison Decl.") Ex. A; Declaration of Donald G. Heeman in Support of Defendants' Opposition to Plaintiffs' "Motion to Narrowly Lift the Discovery Stay to Require Defendants to Produce Documents Recently Provided to the DOJ" ("Heeman Decl.") Ex. A.

[6] *See* Graham Decl. Ex. E, Spec. No. 1; Hibbard Decl. Ex. A, Spec. No. 1; Ellison Decl. Ex. A, Spec. No. 1; Heeman Decl. Ex. A, Spec. No. 1.

[7] *Compare* Letter Brief, at 7, *and* Pls.' Proposed Order re: Discovery, ECF No. 192-5, at 3-4, *with* Graham Decl. Ex. E, Spec. Nos. 2-3; Hibbard Decl. Ex. A, Spec. Nos. 2-3; Ellison Decl. Ex. A, Spec. Nos. 2-3; Heeman Decl. Ex. A, Spec. Nos. 2-3.

for reconsidering, or good cause for lifting, the Court's Stay Order, even in the "limited" way Plaintiffs request. *See, e.g.*, *Remote Techs., Inc. v. Data Int'l Co.*, No. CV 10-1678 (MJD/JSM), 2012 WL 13028102, at *2 (D. Minn. Aug. 29, 2012) (finding no "compelling circumstances" where moving party restated prior arguments instead of identifying a manifest error of law or adducing newly discovered evidence); *In re Domestic Airline Travel Antitrust Litig.*, 174 F. Supp. 3d 375 (D.D.C. 2016) (finding no "good cause" to lift discovery stay prior to resolution of the motions to dismiss, even for "limited" purpose of seeking discovery as to materials that defendants had provided the Government as part of related ongoing antitrust investigation).

The first request in the DOJ's CIDs is not at issue. As the Court will note upon reviewing it, Plaintiffs already possess the documents called for by that request. With respect to the other two requests, the Court should not lift the discovery stay for the following reasons.

First, those requests are very similar to the ones Plaintiffs made and that this Court rejected for lack of relevancy in its Stay Order. The Stay Order stated that the documents responsive to those requests were not "so clearly relevant" that they should be produced now, as opposed to after the motions to dismiss are decided. Stay Order, at 3-4. That conclusion still applies with full force. The second and third requests in the CIDs ask for documents produced to two other federal agencies in connection with certain investigations, but

they are not limited to investigations of possible *anticompetitive* activity by Defendants. Like Plaintiffs' requests in February, they sweep more broadly than the issues relevant to these cases, even if the motions to dismiss are denied.

Second, the Court already recognized that these types of document requests "should be made and responded to pursuant to Federal Rule of Civil Procedure 34." Stay Order, at 4. There is no justification for Plaintiffs' request to lift the discovery stay to require the wholesale production of documents circumventing the Rule 34 process that the Court established in the Stay Order.

*In re Domestic Airline Travel Antitrust Litigation,* is instructive. There, a discovery stay was in place pending briefing on motions to dismiss. Plaintiffs sought to lift that stay for the limited purpose of receiving documents the defendants had produced to the government in its related ongoing antitrust investigation. The court denied the motion, noting that the burden on defendants outweighed any prejudice to the plaintiffs:

> With respect to the burden on Defendants, it is important to consider that Defendants' responses to Plaintiffs' discovery request may differ properly from their responses to the Government's subpoenas requesting the materials in question. Relatedly, Defendants' privacy interests militate against providing the materials now when they, possibly, may *never* have to be provided in this case. Even a protective order cannot fully dissipate the burden of responding to the request and providing responsive

> materials. Those issues are best left untouched until after the Court resolves Defendants' planned motions to dismiss.

174 F. Supp. 3d at 377. As another court similarly recognized in denying discovery of DOJ productions while motions to dismiss were pending, although the records sought had already been gathered and produced to the DOJ, "there would be the issue of various objections . . . that might be assertable against plaintiffs that were unasserted against the government." *In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417 WHA, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007); *accord In re: Pre-Filled Propane Tank Antitrust Litig.*, No. 14-02567-MD-W-GAF, 2015 WL 11022887, at *3 (W.D. Mo. Feb. 24, 2015) (denying motion to lift discovery stay to obtain documents defendants produced to FTC; even when "documents have already been assembled and produced to government agencies, thus reducing the burden to [the d]efendants somewhat, [the d]efendants' need to review such a large volume of documents prior to producing them would be a significant burden" (alterations in original; citation omitted)); *Edstrom v. Anheuser-Busch InBEV SA/NV*, No. 13-CV-01309 MMC (NC), 2013 WL 4529725, at *3 (N.D. Cal. Aug. 26, 2013) (denying motion to compel production of documents defendants produced to DOJ in related investigation before ruling on pending motion to dismiss; although the documents had already been organized and produced to the DOJ, "some review and further refining would be necessary before turning them over to plaintiffs,"

and, "depending on [the court's] ruling [on the motion to dismiss], [some of the documents] may not need to be produced at all"). The same is true here because not all of the documents being produced to the DOJ will be relevant to Plaintiffs' claims.[8]

Third, it is proper to maintain the stay because "adjudicating the motions to dismiss will shed light on the best course for discovery." *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5. In that case, like here, the plaintiffs were seeking the production of documents that the defendants had produced to the DOJ's Antitrust Division. And the defendants in that case sought a discovery stay pending a decision on their motions to dismiss. The court denied plaintiffs' request, noting that "resolving the motions to dismiss is the better course . . . [because] [i]f the complaint proves to be so weak that any discovery at all would be a mere fishing expedition, then discovery will likely be denied." *Id.* The court noted that was particularly true because it was not a case "where it is almost certain that the complaint is viable, such as is often true where guilty pleas have already been

---

[8] Defendants would also have to re-review the documents to designate them as confidential under the protective order in these cases. Courts have identified that process as an additional burden when denying motions to lift discovery stays. *E.g.*, *In re Platinum and Palladium Antitrust Litig.*, No. 14-cv-9391-GHW, ECF No. 48, at *2 (S.D.N.Y. Apr. 21, 2015) [attached as Ex. B] ("Even the documents previously produced to government regulators will still need to be re-reviewed by defendants for different relevance, confidentiality, data privacy, and privilege considerations.").

- 9 -

entered in a parallel criminal case. . . Here, there has been no indictment, much less any guilty plea by any defendant." *Id.* The same is true in these cases.[9]

Fourth, Plaintiffs will suffer no prejudice if the stay is not lifted because there are no preservation issues with respect to the documents requested. In *In re: Wholesale Grocery Prod. Antitrust Litig.*, No. CV09MD2090ADMAJB, 2010 WL 11469883 (D. Minn. Mar. 3, 2010), plaintiffs sought a partial lifting of the discovery stay to obtain the documents that defendants had produced to the FTC in its antitrust investigation. In denying that motion, the court noted that "this is not a situation in which necessity demands disclosure. 'In this case, the plaintiffs seek production of documents (not testimony) already compiled and turned over to the government. There is little risk that these documents will be unavailable in the future.'" *Id.* at *3 (citation omitted). Likewise, in this case the documents sought by Plaintiffs will be available in the future.

---

[9] *See also, e.g.*, *In re Platinum and Palladium Antitrust Litig.*, *supra*, ECF No. 48, at *2-3 ("Although the Court is not in a position to evaluate the merits of defendants' anticipated motion to dismiss, the legal and factual issues in this case will undoubtedly come into sharper relief once the Court rules on the motion. As a consequence, the Court will not require defendants to engage in costly discovery until the issues are more fully developed.").

Nor will awaiting decision on the pending motions to dismiss result in undue delay.[10] The motions are fully briefed and were argued on June 8, 2020. *See* ECF No. 209. If the Court denies the motions to dismiss, continuing the stay through the date of denial will have added only a few months to its duration (as Plaintiffs themselves admit, *see* Pls.' Br., ECF No. 218, at 8)—a relatively short length of time, given that it took Plaintiffs over four years to file their initial complaints, which challenge conduct allegedly beginning January 1, 2015.[11] *See In re: Pre-Filled Propane Tank Antitrust Litig.*, 2015 WL 11022887, at *2 (finding party resisting discovery stay's prejudice argument undermined because "the party could have brought many of these claims years ago, yet instead they waited until this litigation").

Indeed, if their present motion is denied, Plaintiffs will be no differently situated than many other antitrust plaintiffs who have waited until motions to dismiss are decided before obtaining documents that defendants have produced to government agencies. *See, e.g.*, *In re Domestic Airline Travel Antitrust Litig.*, 174 F. Supp. 3d 375; *In re Platinum and Palladium Antitrust Litig.*, *supra*, ECF No. 48 (staying discovery, including of documents produced

---

[10] Plaintiffs protest that they "filed their initial complaint well over a year ago," Pls.' Br., ECF No. 218, at 8, but fail to note that the stay accounts for only three months of that time.
[11] *See* Class Action Compl., ECF No. 1 (filed 4/26/19) in *Peterson*, at 4; Class Action Compl., ECF No. 1 (filed 5/7/19) in *In re Cattle*, at 4.

- 11 -

to U.S. government regulators, pending motions to dismiss); *In re: Pre-Filled Propane Tank Antitrust Litig.*, 2015 WL 11022887; *In re Term Commodities Cotton Futures Litig.*, No. 12 Civ. 5126(ALC)(KNF), 2013 WL 1907738, at *7 (S.D.N.Y. May 8, 2013) (staying discovery, including of documents defendants produced to CFTC, until resolution of pending motion to dismiss); *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577; *In re LIBOR-Based Financial Instruments Antitrust Litig.*, No. 11-MD-2262 (NRB), ECF No. 489 (S.D.N.Y. Oct. 18, 2013) [attached as Ex. C] (denying plaintiffs' request for disclosure of documents defendants produced to government entities pending resolution of motion to dismiss); *Edstrom*, 2013 WL 4529725; *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 1:07-MC-00489-PLF-GMH, ECF No. 114 (D.D.C. June 23, 2008) [attached as Ex. D] (staying discovery, including of documents defendants previously produced to government regulators, pending resolution of motions to dismiss); *In re: Wholesale Grocery Prod. Antitrust Litig.*, 2010 WL 11469883.

Finally, the cases cited by Plaintiffs do not justify their request to lift the discovery stay. *See* Pls.' Br., ECF No. 218, at 5 n.6 & 8-9. Apart from *In re Lithium Ion Batteries Antitrust Litig.*, Pls.' Ex. M, they provide little to no reasoning for their decision to permit early discovery.[12] And the *Lithium Ion*

---

[12]    As one court has observed, "reasoning by analogy to a minute order with little discussion is a largely fruitless exercise." *In re Flash Memory Antitrust*

*Batteries* case did not involve a pending motion to dismiss, which factored significantly into the court's decision: "With no motion to dismiss pending, it is premature to disallow discovery on the basis that a yet-to-be-filed complaint may fail to state a plausible claim for relief. At this time, the Court will not disallow discovery simply because the Defendants anticipate filing motions to dismiss." *See id.* at *5. Additionally, the court there *did* stay discovery as to three defendants who explained that they would have to re-review the documents they had already produced to the DOJ and/or a Grand Jury. *Id.* at *5-6.

## CONCLUSION

As stated in *In re Graphics, supra*, turning documents over to the government "does not mean that everyone else has an equal right to rummage through the same records." 2007 WL 2127577, at *5. For the foregoing reasons, Defendants respectfully submit that Plaintiffs' Motion should be denied, and the Stay Order continued unmodified pending resolution of the motions to dismiss.

---

*Litig.*, No. C 07-0086 SBA, 2008 WL 62278, at *2 (N.D. Cal. Jan. 4, 2008) (denying motion to compel production of documents defendants produced to DOJ as part of its antitrust investigation before the filing of plaintiffs' amended complaints).

Date: July 31, 2020

*s/ Christopher R. Morris*
Lewis A. Remele, Jr., Reg. No. 90724
Christopher R. Morris, Reg. No. 230613
**BASSFORD REMELE, PA**
100 South 5th Street, Suite 1500
Minneapolis, MN 55402
(612) 333-3000
lremele@bassford.com
cmorris@bassford.com

William F. Hargens
Mark F. Enenbach
Patrick E. Brookhouser, Jr.
Matthew G. Munro
**MCGRATH NORTH MULLIN & KRATZ, PC LLO**
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
(402) 341-3070
whargens@mcgrathnorth.com
menenbach@mcgrathnorth.com
pbrookhouser@mcgrathnorth.com
mmunro@mcgrathnorth.com
*Admitted Pro Hac Vice*

*Counsel for Defendants JBS USA Food Company, JBS Packerland, Inc. and Swift Beef Company, and Special Appearance for Defendant JBS S.A. in the* Cattle *Action*

s/ *Donald G. Heeman*
Donald G. Heeman, Reg. No. 0286023
Jessica J. Nelson, Reg. No. 0347358
Randi J. Winter, Reg. No. 0391354
**SPENCER FANE**
100 South Fifth St., Suite 2500
Minneapolis, MN 55402

Respectfully submitted,

*s/ Ulrike B. Connelly*
David P. Graham, Reg. No. 0185462
**DYKEMA GOSSETT, PLLC**
4000 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
(612) 486-1521
dgraham@dykema.com

Jon B. Jacobs
Jeremy C. Keeney
**PERKINS COIE LLP**
700 13th Street, NW, Suite 800
Washington, DC 20005
(202) 654-1758
jbjacobs@perkinscoie.com
jkeeney@perkinscoie.com
*Admitted Pro Hac Vice*

Susan E. Foster
Ulrike B. Connelly
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
(206) 359-8846
sfoster@perkinscoie.com
uconnelly@perkinscoie.com
*Admitted Pro Hac Vice*

*Counsel for Defendants Tyson Foods, Inc. and Tyson Fresh Meats, Inc. in the* Cattle *Action and for Tyson Foods, Inc. in the* Peterson *Action*

s/ *Kathryn N. Hibbard*
Kathryn N. Hibbard, Reg. No. 0387155
X. Kevin Zhao, Reg. No. 0391302
Holley C. M. Horrell, Reg. No. 0399636
**GREENE ESPEL PLLP**
222 South 9th Street, Suite 2200
Minneapolis, MN 55402

| | |
|---|---|
| (612) 268-7000<br>dheeman@spencerfane.com<br>jnelson@spencerfane.com<br>rwinter@spencerfane.com | (612) 373-0830<br>khibbard@greeneespel.com<br>kzhaeo@greeneespel.com<br>hhorrell@greeneespel.com |
| Stephen Neuwirth<br>Sami H. Rashid<br>**QUINN EMANUEL URQUHART & SULLIVAN LLP**<br>51 Madison Avenue<br>New York, NY 10010<br>(212) 849-7000<br>stephenneuwirth@quinnemanuel.com<br>samirashid@quinnemanuel.com<br>*Admitted Pro Hac Vice* | Mark W. Ryan<br>Michael E. Lackey, Jr.<br>Nicole A. Saharsky<br>**MAYER BROWN LLP**<br>1999 K Street, NW<br>Washington, DC 20009<br>(202) 263-3338<br>mryan@mayerbrown.com<br>mlackey@mayerbrown.com<br>nsaharsky@mayerbrown.com<br>*Admitted Pro Hac Vice* |
| Ethan Glass, Reg. No. 0316490<br>**QUINN EMANUEL URQUHART & SULLIVAN LLP**<br>1300 I Street NW, Suite 900<br>Washington, D.C. 20005<br>(202) 538-8265<br>ethanglass@quinnemanuel.com | *Counsel for Defendants Cargill, Incorporated and Cargill Meat Solutions Corporation in the <u>Cattle</u> Action and for Cargill, Incorporated in the <u>Peterson</u> Action* |
| *Counsel for Defendant JBS USA Food Company Holdings in the <u>Peterson</u> Action* | s/ *Benjamin L. Ellison*<br>Andrew M. Luger, Reg. No. 0189261<br>Benjamin L. Ellison, Reg. No. 0392777<br>**JONES DAY**<br>90 South Seventh Street, Suite 4950<br>Minneapolis, MN 55402<br>(612) 217-8862<br>aluger@jonesday.com<br>bellison@jonesday.com |
| | Julia E. McEvoy<br>**JONES DAY**<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 2001-2113<br>(202) 879-3867<br>jmcevoy@jonesday.com<br>*Admitted Pro Hac Vice* |
| | Paula W. Render<br>**JONES DAY**<br>77 West Wacker, Suite 3500<br>Chicago, Illinois 60601-1692 |

- 16 -

(312) 269-1555
prender@jonesday.com
*Admitted Pro Hac Vice*

*Counsel for Defendant National Beef Packing Company, LLC in the <u>Cattle</u> and <u>Peterson</u> Actions*