# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE CATTLE ANTITRUST LITIGATION | Civil No. 19-cv-1222 (JRT/HB) |
| *This document relates to:*<br><br>ALL CASES | |
| KENNETH PETERSON, et al.<br><br>                              Plaintiffs,<br><br>v.<br><br>JBS USA FOOD COMPANY HOLDINGS, TYSON FOODS, INC., CARGILL, INC., and NATIONAL BEEF PACKING COMPANY,<br><br>                              Defendants. | Case No. 0:19-cv-1129 (JRT/HB) |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR EXPEDITED RELIEF TO TEMPORARILY HOLD IN ABEYANCE CERTAIN DEADLINES**

## INTRODUCTION

Unsatisfied with this Court's decision to allow limited discovery to proceed pending resolution of the motions to dismiss in these two cases, Defendants now seek "a temporary 'pause' on deadlines associated with the limited discovery" this Court ordered on April 14, 2020. Despite Defendants' characterizations, the proposed changes will not result in "a very modest extension of the current deadlines," but would almost certainly result in a halt to all discovery efforts until after the motions to dismiss have been resolved. As explained herein, the delay will necessarily be lengthy because it hinges on the consent of the plaintiffs in three recently filed cases to Defendants' unilateral proposal. Not surprisingly, none of the plaintiffs in these cases have yet consented to Defendants' proposal.

Defendants have also failed to show good cause or any burden whatsoever that they will face by beginning to meet and confer with the *Peterson* and *Cattle* Plaintiffs as the April 14 order commands. At the same time, these Plaintiffs continue to be prejudiced by delay, having filed their cases over fifteen months ago.

In these circumstances, Defendants' application is both premature and an obvious attempt to delay proceedings. It is not in the parties' or the Court's interest to further delay the meet and confer schedule ordered by the Court. *Cattle* and *Peterson* Plaintiffs respectfully request that the Court deny Defendants' motion for relief from the deadlines

1

set forth in the Discovery Order, and instead issue an order compelling Defendants to meet and confer in accordance with those deadlines.[1]

## RELEVANT BACKGROUND

On April 14, 2020, this Court entered an order in these two cases (*Cattle* ECF No. 196) ("Discovery Order") which, *inter alia*, allowed any party to serve initial Rule 34 Requests for Production ("RFPs") on a counterparty on or after May 29, 2020. Pursuant to the Discovery Order, service of those RFPs triggered a series of deadlines, including deadlines for objections and responses and to meet and confer.

Between June 6, 2020, and July 17, 2020, two complaints on behalf of direct beef purchaser plaintiffs and one complaint on behalf of indirect commercial beef purchaser plaintiffs were filed against the same Defendant groups, alleging a conspiracy to raise the price of beef, by counsel entirely not related to counsel in these two cases. These cases involve various levels of Defendants' beef distribution chain, unlike *Cattle*, which focuses on Defendants' cattle procurement practices. *See*, *Samuels et al v. Cargill, Inc.*, 0:20-cv-01319-JRT-HB ("*Samuels*"); *Erbert & Gerbert's, Inc. v. JBS USA Food Company Holdings*, 0:20-cv-01414-JRT-HB ("*E&G*"); and *Olean Wholesale Grocery Cooperative, Inc. v. Cargill, Inc.*, 0:20-cv-01602-JRT-HB ("*Olean*") (collectively "Newly Filed Cases").

Almost two months after *Samuels* was filed, Defendants first approached *Cattle* Plaintiffs about delaying the meet and confer deadlines related to all parties' RFPs.

---

[1] While Plaintiffs ask that Defendants be ordered to comply with their meet and confer deadlines (some of which occur before September 4, 2020), should the Court desire, Plaintiffs stand ready to address these issues at the September 4, 2020 hearing currently scheduled.

2

Declaration of Kathryn N. Hibbard, Exhibit B, ECF #241-1.  Defendants' proposal relates to three principal topics:

- Plaintiffs' RFPs on Defendants

    *Cattle* and *Peterson* Plaintiffs served their RFPs on Defendants on June 19, 2020, and Defendants served their objections/responses on July 20, 2020. Pursuant to the Discovery Order, Defendants are required to meet and confer on these responses by August 19, 2020.  Instead, they propose to delay this date indefinitely – indeed, they provide no proposed date – and suggest that the plaintiffs in the Newly Filed Cases adopt the RFPs served on Defendants by the *Peterson* Plaintiffs (which, as Defendants note, differ from those served by the *Cattle* Plaintiffs).[2]  Once (and if) they do that, Defendants posit the meet and confers on Plaintiffs' RFPs can proceed.  Of crucial importance, ***counsel in the Newly Filed Cases have not yet agreed*** to adopt the *Peterson* RFPs, thus completely invalidating Defendants' proposal.  *See,* Declaration of Amanda F. Lawrence ("Lawrence Decl."), ¶¶3-4, filed herewith.

---

[2] Defendants disingenuously suggest that *Cattle* and *Peterson* Plaintiffs somehow violated the April 14, 2020 Order by serving differing RFPs.  Defendants' Memorandum in Support ("Defs. Br.") at 3 n.1, 8 n.5.  However, the Discovery Order specifically provided that "[t]he *In Re Cattle* Plaintiffs, collectively, and the *Peterson* Plaintiffs, collectively, may **each** serve no more than 20 Rule 34 requests on each Defendant."  Discovery Order, ECF No. 196, at 4.  At the same time, Defendants themselves served differing discovery requests on each Plaintiff – a total of 49 unique RFPs in *Cattle* alone, spread amongst the *Cattle* Plaintiffs.

3

- Defendants' RFPs on Plaintiffs

    Defendants served their RFPs on the *Cattle* and *Peterson* Plaintiffs on June 23, 2020, and Plaintiffs objected/responded to them on July 23, 2020. Pursuant to the Discovery Order, *Cattle* and *Peterson* Plaintiffs are required to meet and confer with Defendants by August 24, 2020. Defendants propose to serve their RFPs on plaintiffs in the Newly Filed Cases and to be able to meet and confer with *Cattle* and *Peterson* Plaintiffs together with plaintiffs in the Newly Filed Cases in "early September." Defs. Br. at 3. As *Cattle* and *Peterson* Plaintiffs have conveyed to counsel for Defendants, they stand ready and willing to meet and confer by the August 24, 2020 deadline. Lawrence Decl., ¶2.

- Custodians

    On August 10, 2020, Defendants provided *Cattle* and *Peterson* Plaintiffs with their proposed custodian lists. *Cattle* and *Peterson* Plaintiffs provided their proposed custodian lists to Defendants on August 13, 2020. Pursuant to the Discovery Order, the parties are to exchange counterproposals by August 31, 2020, and September 3, 2020, on Defendants' and *Cattle* and *Peterson* Plaintiffs' initial proposals, respectively. The parties are to meet and confer on the custodian lists by September 21, 2020, and September 24, 2020, respectively. Defendants propose to delay this to a date uncertain 21 days after the last plaintiff in a Newly Filed Case serves its initial custodian proposal.

On August 3, 2020, *Cattle* and *Peterson* Plaintiffs informed Defendants that they were not willing to agree to Defendants' proposed delays, and that both groups of Plaintiffs

4

remained willing to meet and confer on both *Cattle* and *Peterson* Plaintiffs' and Defendants' objections to the initial RFPs served pursuant to the Discovery Order. Lawrence Decl., ¶2.

## LEGAL STANDARD

Amending a scheduling order is warranted "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." S*herman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). This is an "exacting" test. *Scheidecker v. Arvig Enters., Inc.*, 193 F.R.D. 630, 631, 632 n.1 (D. Minn. 2000); *Metro Produce Distribs., Inc. v. City of Minneapolis*, 473 F. Supp. 2d 955, 964 (D. Minn. 2007). Ultimately, in applying Rule 16(b) to the circumstances presented in any case, this Court asks whether the moving party has demonstrated "that the existing schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 581–82 (D. Minn. 1999)[3]. Defendants fail to meet that standard here.

## ARGUMENT

### I. DEFENDANTS FAIL TO SHOW GOOD CAUSE FOR MODIFYING THE DISCOVERY ORDER

As this Court has held, the filing of a separate case – the resolution or scheduling of which might ultimately have some bearing on the legal or discovery issues in the instant action – does not constitute good cause to postpone discovery deadlines. *See, e.g., Rent-*

---

[3] Unless otherwise indicated, citations are omitted and emphasis is added.

*A-Ctr. E., Inc. v. N. Am. Banking Co.*, Case No. 13-CV-3274 (RHK/HB), 2015 WL 13767169, at *5 (D. Minn. Feb. 2, 2015) (motion to amend scheduling order denied for lack of good cause where movant sought to extend deadlines to allow time for resolution of orders in separate case) (Bowbeer, J.); *Shukh v. Seagate Tech., LLC*, Civil No. CIV. 10-404 (JRT/JJK), 2013 WL 53835, at *6 (D. Minn. Jan. 3, 2013) (affirming Magistrate Judge's determination that petition for writ of certiorari pending before United States Supreme Court in separate case that might bear on instant case did not establish good cause for extending discovery deadline).

Defendants have not demonstrated "that the existing schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Archer Daniels Midland Co.*, 187 F.R.D. at 581–82. Indeed, Defendants do not even attempt to argue that they are unable to meet the relevant deadlines in the existing order. It is clear that Defendants are ***unwilling***, rather than ***unable***, to participate in the meet and confers before the deadlines set out in the Discovery Order.

Nor do Defendants argue that they were diligent in their attempts to comply with the Discovery Order's deadlines. Even if they had, any diligence argument would be unavailing. As noted above, *Samuels* was filed on June 6, 2020. It is unclear as to why Defendants waited until after the parties had exchanged RFPs, as well as responses and objections, to raise this issue. Had it been raised in mid-June instead of late-July, it is very likely that Defendants' motion would not be for "expedited relief."

Additionally, while Defendants claim "burden" (Defs. Br. at 2, 5, 9) and "substantial prejudice" (*id.* at 8), they actually fail to demonstrate anything of the sort. This is primarily

because Defendants will need to meet and confer individually with both the *Cattle* and the *Peterson* Plaintiffs **regardless of coordination with the Newly Filed Cases.**

As to the *Cattle* and *Peterson* Plaintiffs' RFPs served on Defendants, Defendants themselves note that these requests differ in the two cases. Defs. Br. at 3 n.1, 6 n.3, 8 n.5. Even if counsel in the Newly Filed Cases were to agree to adopt the *Peterson* Plaintiffs' RFPs – which they have declined at this time to do – that still leaves the *Cattle* RFPs for Defendants. Lawrence Decl., ¶¶3-4. Adhering to the deadline to meet and confer on these RFPs or delaying until a date uncertain imposes the same "burden" (*i.e.*, none) on Defendants.

As to Defendants' RFPs served on *Cattle* and *Peterson* Plaintiffs, there can be no doubt that the parties will have to meet and confer individually on these as well. First of all, as previously noted, Defendants' RFPs differ from Plaintiff to Plaintiff. Second, each Plaintiff varies substantially in the relevant and responsive documents it possesses, as well as its retention policies and electronic capabilities. Such differences virtually mandate individual meet and confer conversations for each Plaintiff. Therefore, again, meeting and conferring now versus months from now imposes no cognizable burden on Defendants.

Finally, as to the custodian lists and counterproposals, these lists again differ substantially, thus necessitating individual meet and confer conversations. For example, the initial custodian list proposed by the JBS Defendants in *Cattle* have **10** proposed custodians, and **7** broad categories of non-custodial document sources, while that list in *Peterson* has **0** names and **0** non-custodial document sources. Likewise, the Tyson Defendants in *Cattle* have **13** proposed custodians, and **5** broad categories of non-custodial

7

document sources, while its proposed initial custodian list in *Peterson* has just **3** names and **0** non-custodial document sources. Given these disparities, there will need to be individual meet and confer conversations in the *Cattle* and *Peterson* cases, let alone in the Newly Filed Cases. Defendants thus have not demonstrated how meeting the Discovery Order deadlines for counterproposals and to meet and confer on custodians imposes any burden.

## II. DEFENDANTS' REQUESTED MODIFICATIONS PROVIDE NO EFFICIENCY AND PREJUDICE PLAINTIFFS

Finally, there is no efficiency gained in engaging in a large and unwieldy meet and confer process that includes discussion not only about the *Cattle* and *Peterson* RFPs, but also the additional yet-to-be-filed RFPs from an unknown number of cases brought on behalf of beef purchasers at various levels of the supply chain. Under Defendants' approach, hours would be wasted by both Plaintiffs' and Defendants' counsel sitting through meet and confers on RFPs related only to other Plaintiffs and Defendants. Defendants' draft stipulation provides no suggestions for how this unwieldy and cumbersome process might be managed.

Furthermore, Defendants' nebulous proposal necessarily prejudices *Cattle* and *Peterson* Plaintiffs because it serves to delay the cases which Plaintiffs filed almost one and a half years ago. While Defendants may claim this is but a brief "pause," their own papers dictate otherwise. For example, Defendants admit they have not received consent to their proposal from counsel in the Newly Filed Cases (who have declined at this time to give that consent) and even that such a decision cannot be made until a leadership structure is finalized in the *Samuels* and *Olean* cases. Defs. Br. at 7 n.4. There is no date certain for

8

these events, and Plaintiffs in *Cattle* and *Peterson* should not be forced to wait to meet and confer on outstanding discovery requests. It is clear this is just another attempt by Defendants to impose a *de facto* stay on any discovery actions pending resolution of the motions to dismiss. While Defendants previously argued for this, the Court, in its Discovery Order, already ruled that a complete stay is unwarranted and ordered some discovery to proceed. Defendants should not be allowed to sidestep the Discovery Order in the name of the "Newly Filed Cases."

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Expedited Relief to Temporarily Hold in Abeyance Certain Deadlines should be denied and Defendants should be ordered to meet and confer with *Cattle* and *Peterson* Plaintiffs as scheduled in the Discovery Order.

Dated: August 13, 2020     **SCOTT+SCOTT**
                           **ATTORNEYS AT LAW LLP**

                           /s/ Amanda F. Lawrence
                           David R. Scott (*pro hac vice*)
                           Amanda F. Lawrence (*pro hac vice*)
                           Patrick J. McGahan (*pro hac vice*)
                           Michael P. Srodoski (Bar No. 0398250)
                           156 South Main Street
                           P.O. Box 192
                           Colchester, CT  06415
                           Tel.: 860-537-5537
                           Fax: 860-537-4432
                           david.scott@scott-scott.com
                           alawrence@scott-scott.com
                           msrodoski@scott-scott.com

                           Christopher M. Burke (*pro hac vice*)
                           **SCOTT+SCOTT**
                           **ATTORNEYS AT LAW LLP**
                           600 W. Broadway, Suite 3300

9

San Diego, CA 92101
Tel.: 619-233-4565
Fax: 619-233-0508
cburke@scott-scott.com


Anthony F. Fata (*pro hac vice*)
Jennifer W. Sprengel (*pro hac vice*)
Christopher P.T. Tourek (*pro hac vice*)
Brian P. O'Connell (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
150 S. Wacker
Suite 3000
Chicago, IL 60606
Tel.: 312-782-4882
Fax: 312-782-4485
afata@caffertyclobes.com
jsprengel@caffertyclobes.com
ctourek@caffertyclobes.com
boconnell@caffertyclobes.com

Ellen Meriwether (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe St.
Media, PA 19063
Tel.: 215-864-2800
Fax: 215-864-2810
emeriwether@caffertyclobes.com

*Interim Co-Lead Counsel for the Cattle Plaintiffs*

K. Craig Wildfang (Bar No. 0117043)
Thomas J. Undlin (Bar No. 0183751)
Stacey P. Slaughter (Bar No. 0296971)
**ROBINS KAPLAN LLP**
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
Tel: 612-349-8500
Fax: 612-339-4181

10

kcwildfang@robinskaplan.com
tundlin@robinskaplan.com
sslaughter@robinskaplan.com

Hollis Salzman
Kellie Lerner
**ROBINS KAPLAN LLP**
399 Park Avenue
Suite 3600
New York, NY 10022
Tel: 212-980-7400
Fax: 212-980-7499
hsalzman@robinskaplan.com
klerner@robinskaplan.com

*Liaison Counsel for the Cattle Plaintiffs*

Shana E. Scarlett (*pro hac vice*)
Rio S. Pierce (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
riop@hbsslaw.com

Steve W. Berman (*pro hac vice*)
Breanna Van Engelen (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

W. Joseph Bruckner (MN #0147758)
Brian D. Clark (MN #0390069)
Arielle S. Wagner (MN #0398332)
Stephanie A. Chen (MN #0400032)

11

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T: (612) 339-6900
F: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com
aswagner@locklaw.com
sachen@locklaw.com

*Interim Co-Lead Class Counsel for Plaintiffs in the <u>Peterson</u> Action*