# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE CATTLE ANTITRUST LITIGATION | Civil No. 19-cv-1222 (JRT/HB) |
| This document relates to:<br><br>ALL CASES | **ORDER REGARDING SECTION V OF PRODUCTION OF ELECTRONICALLY STORED INFORMATION AND PAPER DOCUMENTS** |
| Kenneth Peterson and Richard Kimble,<br><br>Plaintiffs,<br><br>v.<br><br>JBS USA Food Company Holdings, Tyson Foods, Inc., Cargill, Inc., and National Beef Packing Company,<br><br>Defendants. | Civil No. 19-cv-1129 (JRT/HB) |

After consideration of the agreements and arguments of the parties, and based upon all of the files and proceedings herein, **IT IS HEREBY ORDERED** that Section V of the Order Regarding Production of Electronically Stored Information and Paper Documents ("ESI Protocol") [Doc. No. 198 in *In Re Cattle Antitrust Litigation;* Doc. No. 152 in *Peterson*] is deleted in its entirety and replaced with the following:

**V.      PARAMETERS FOR CULLING AND REVIEWING ESI AND PAPER DOCUMENTS:**

   **A.     General Provisions:**

   1. Except for the negotiations specified below in Section V.B.1, the Parties will not negotiate the date range(s) applicable to the collection, review, and production of structured and unstructured data until after the Court issues an order or orders substantially denying the motions to dismiss.

   2. **Meet and Confer:**

      a. **Dispute Resolution:** If the Parties cannot reach agreement under the provisions of this Section V, any dispute may be presented to the Court. All meet and confer sessions under this Section V will involve each Party's respective ESI Liaison.

   3. **Non-Waiver:** The Parties' discussion of proposed search terms, Document Custodians or Sources does not preclude a Party from requesting additional search terms, Document Custodians or Sources pursuant to the terms of this ESI Protocol Order, nor does it preclude a Party from objecting to any such additional requests.

   **B.     Document Custodians and Sources:**

   1. **Initial Discussions About Scope of Document Discovery:** The parties will commence discussions about the scope of initial discovery after the Initial Disclosures and the document productions pursuant to the Court's Attachment 1 (Dkt. 196) have been served, as follows:

      a. The Producing Parties will propose an initial list of (i) Document Custodians, (ii) non-custodial sources, and (iii) date ranges.

         i. For proposals made prior to the ruling on the motions to dismiss, the Producing Party shall assume that, at a minimum, the following presumptive date range[s] shall apply: (a) for unstructured data, January 1, 2012, to June 30, 2020; and (b) for structured data, January 1, 2009, to June 30, 2020.

         ii. In making the initial proposal, the Producing Party

2

>  will consider, on a request-by-request basis, whether it can agree to broader date ranges for particular requests. The Producing Party may also, on a request-by-request basis, ask the Requesting Party to agree to narrower date ranges for particular requests.
>
> iii. The Producing Party's initial proposal on date ranges and any agreement reached by the parties on date ranges are without prejudice to any party seeking broader or narrower dates ranges following the ruling on the motions to dismiss.

b. This initial proposal shall be sent by the Producing Party to the other Parties no later than 21 days after the Producing Party serves its written responses to the requests for productions authorized by the Court's Order dated April 14, 2020 (Dkt. 196).

c. At the case management conference to be held on September 4, 2020, the Parties and the Court will discuss a date by which all other Parties will be allowed to propose additional Document Custodians or non- custodial document sources as well as make any counter-proposals on date ranges in response to the Producing Party's initial proposal.

2. **Additional Document Custodians/Sources/Dates:** If, after the initial Document Custodian/Source/date negotiations described in the preceding paragraph concludes, a Requesting Party determines that additional Document Custodians/Sources should be added or a date range revised, then the Requesting Party shall advise the Producing Party in writing of the proposed revisions and the basis for the request(s). At the case management conference to be held on September 4, 2020, the Court and the Parties will discuss a deadline by which, if the Parties have not agreed whether to adopt the proposed revisions, they may bring the matter to the Court via motion or the issue will be waived, unless the parties agree in writing to defer resolution of the issue. The parties shall raise any such disputed revisions via a joint letter brief not to exceed five single-spaced pages, split equally between Plaintiffs and Defendants, unless the parties agree in writing to present the matter to the Court in a different format. Submitting the dispute outside of a formal motion process will not waive any Parties' right to appeal the Court's decision.

      3.     Except by agreement of the Parties or by order of the Court, a Producing Party is not required to add Document Custodians or Sources, or expand the date ranges, after the deadlines identified in ¶ V(B)(2) unless otherwise ordered by the Court.

C.    **Search Methodology Order:**  The parties will meet and confer to agree upon a search-methodology order regarding unstructured data that provides details and deadlines pertaining to the search process only if and after the Court issues an order or orders substantially denying the motions to dismiss.  Unless otherwise agreed to by the Parties in writing, the parties will complete their meet and confer process or submit any remaining disputed provisions to the Court via a joint letter brief no later than 30 calendar days after an order or orders substantially denying the motions to dismiss.

D.    **Structured Data:**  To the extent a response to discovery requires production of discoverable ESI contained in a structured database, the Parties shall meet and confer in an attempt to agree upon a set of reasonable queries to be made for discoverable information and generate a report in a reasonably usable and exportable electronic file for review by the Requesting Party.  Ahead of these meet and confers, the Producing Party will also provide descriptions and/or definitions for the fields contained in their structured databases.  Upon review of the report, the Requesting Party may make reasonable requests for additional information to explain the database schema, codes, abbreviations, and different report formats or to request specific data from identified fields.  For the avoidance of doubt, the process set forth herein need not occur prior to the resolution of the pending motions to dismiss.  This process shall commence within 10 days after the entry of an order or orders denying the motions to dismiss.

E.    Custodial Cellphone & Personal Communications Data:

      1.     **Cellphones:**  For Document Custodians agreed on by the Parties or ordered by the Court, a Producing Party will take reasonable steps to identify whether any unique, responsive, discoverable communications are located on any cellphones in the "possession, custody, or control" (as defined under the Federal Rules and case law) of the Producing Party.  Unless agreed otherwise, the following shall govern the identification of unique, responsive, discoverable, and non-privileged communications for cellphone-based data for the agreed or ordered Document Custodians with respect to cellphones in the possession, custody, or control of the Producing Party.  A Producing Party is obligated to disclose if it takes the position that a Document Custodian possesses a cellphone that was used for work

4

purposes that is not within the Producing Party's possession, custody or control; however, nothing in this ESI Protocol obligates a Producing Party to subpoena a third-party to obtain the information describe below. If a Requesting Party intends to issue a third-party subpoena directed at an employee of a Producing Party concerning that employee's cellphone that is not in the Producing Party's possession, custody or control, the Requesting Party will provide notice of its intent to the Producing Party so that the parties may meet and confer regarding the third-party subpoena. The Requesting Party may serve the subpoena 5 business days after the date of notice or at such earlier time agreed by the Parties.

a. A Producing Party shall use reasonable due diligence to ensure that reasonably available sources of data/applications on a cellphone (and related backups and archives, if those data sources/applications contain work-related information) are evaluated and considered as a potential source of data subject to discovery, including without limitation call and voicemail logs, text messages, contacts, and image files (e.g., pictures and videos). A Producing Party will disclose whether or not the Producing Party claims that a cellphone used by the Document Custodian for work purposes is not within its possession, custody, or control and will not be subject to the discovery procedures outlined in this ESI Protocol unless agreed to by the relevant parties or ordered by the Court. A Producing Party shall not be required to disclose any other cellphone-related information prior to any culling of cellphone data.

b. A Producing Party will consider the sources of information on a cellphone identified below, to the extent reasonably available, to identify unique, responsive, and discoverable information. The Parties will also meet and confer regarding any culling of the sources of information below.

   i. **Cellphone Call and Voicemail Logs:** The logs of any calls made/received to or from a Document Custodian, and logs of voicemails on a cellphone that the Document Custodian used for work purposes, if any, if the cellphone is in the possession, custody, or control of a Producing Party.

   ii. **Text Messages:** All text messages and/or iMessages, or any other type of message or chat on a Document

        Custodian's cellphone device used for work purposes, if any, if the cellphone is in the possession, custody, or control of a Producing Party.

2. **Contacts:** A Document Custodian's relevant contact files (e.g., contacts stored in a Document Custodian's Microsoft Outlook work account or cellphone-based contacts) in the possession, custody or control of a Producing Party and reasonably available using standard collection tools will be produced, preferably as a Microsoft Excel (or .csv). A Producing Party is entitled to redact or withhold information from the contacts file that does not relate to the Document Custodian's work—including, but not limited to, the name and contact information for any family or friends not involved in the cattle or beef industry. If, after reviewing the redactions, the Requesting Party believes that more information is needed about the redactions, then the Parties will meet and confer regarding the information redacted, and the producing Party shall provide explanations for information redacted or withheld. Any document produced with redactions permitted under this ESI Protocol shall maintain the electronic search capabilities of the other, unredacted data in the spreadsheet, to the extent possible using the Parties' existing document review/production capabilities.

3. **Social Media Data:** If a Document Custodian confirms that he or she (1) used social media for business purposes, and (2) used that social media to communicate with an employee of another Party or otherwise regarding a subject relevant to the Litigation and included within a Request for Production, subject to objections to that Request, then the requested communication(s) must be produced if it is reasonably accessible, in the Producing Party's possession, custody, or control, and not withheld as privileged and/or as illegal to produce under applicable privacy laws. The Parties shall meet and confer about any issues relating to social media, including the scope of social media and format of production. A Producing Party is obligated to disclose to a Requesting Party if it takes the position that a Document Custodian possesses social media materials that are not within the Producing Party's possession, custody or control so that a Requesting Party may issue a subpoena to that Document Custodian; however, nothing in this ESI Protocol obligates a Producing Party to subpoena a third- party to obtain such social media materials. If a Requesting Party intends to issue a third-party subpoena directed at an employee of a Producing Party concerning that employee's social media materials that are not in the Producing

       Party's possession, custody or control, the Requesting Party will provide notice of its intent to the Producing Party prior to the service of the subpoena so that the parties may meet and confer regarding the third-party subpoena.  The Requesting Party may serve the subpoena 5 business days after the date of notice or at such earlier time agreed by the Parties.

**IT IS SO ORDERED.**

Dated:  August 31, 2020            *s/ Hildy Bowbeer*
                                           HILDY BOWBEER
                                           United States Magistrate Judge