UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Howard B. Samuels, solely as Chapter 7 Trustee of the estates of Central Grocers, Inc., Strack and Van Til Super Market, Inc., and SVT, LLC, | Civil No. 20-cv-1319 (JRT/HB) |
| Plaintiff, | **ORDER GRANTING PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL FOR PROPOSED DIRECT PURCHASER CLASS** |
| v. | |
| Cargill, Inc., JBS USA Food Company Holdings, National Beef Packing Company, and Tyson Food, Inc., | |
| Defendants. | |
| Olean Wholesale Grocery Cooperative, Inc., | Civil No. 20-cv-1602 (JRT/HB) |
| Plaintiff, | |
| v. | |
| Cargill, Inc., Cargill Meat Solutions Corporation, JBS USA Food Company Holdings, J.B.S. S.A., JBS Packerland, Inc., National Beef Packing Company, Tyson Foods, Inc., and Tyson Fresh Meats, Inc., | |
| Defendants. | |

The above-captioned matters came before the Court regarding the uncontested Plaintiffs' Motion for Appointment of Interim Co-Lead Counsel for Proposed Direct Purchaser Class (ECF Nos. 61, and 56, respectively). This Motion relates to a set of

antitrust cases alleging that Defendants conspired to fix and maintain prices in the beef market in violation of the federal antitrust laws.

The Court concludes that class counsel for the Direct Purchaser Plaintiffs ("DPPs") should be appointed in order to achieve efficiency and economy in what is likely to be expensive and complicated litigation, while not jeopardizing fairness to the parties.

DPPs' counsel has moved the Court to appoint the proposed DPP Leadership Slate, composed of Gustafson Gluek PLLC, Hartley LLP, Hausfeld LLP, and Cotchett Pitre & McCarthy, LLP as Interim Co-Lead Counsel and NastLaw LLC, Freed Kanner London & Millen LLC, Wexler Wallace LLP, and Karon LLC as members of the Plaintiffs' Steering Committee.  The Court has carefully reviewed the motion and its accompanying submissions and has considered the factors outlined in Rule 23(g) of the Federal Rules of Civil Procedure.

The parties' submissions demonstrate that the DPP Leadership Slate satisfies the requirements of Rule 23(g).  This includes: the work counsel has done in identifying or investigating potential claims in this action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class.  Based upon the foregoing and all the files and records herein,

**IT IS HEREBY ORDERED** that:

1. The Motion for Appointment of Interim Co-Lead Counsel for Proposed DPP Class (ECF Nos. 61, 56) is **GRANTED**.

2.  Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court **APPOINTS** the following as Interim Co-Lead Counsel for the DPPs: (a) Gustafson Gluek PLLC; (b) Hartley LLP; (c) Hausfeld LLP; and (d) Cotchett Pitre & McCarthy, LLP (collectively "Interim Co-Lead Counsel").

3.  The Court **APPOINTS** the following as members of the Plaintiffs' Steering Committee (hereinafter "PSC"): (a) NastLaw LLC; (b) Freed Kanner London & Millen LLC; (c) Wexler Wallace LLP; and (d) Karon LLC.

4.  Interim Co-Lead Counsel shall be responsible for the overall conduct of the litigation on behalf of all Plaintiffs in the DPP actions, including providing supervision of all Plaintiffs' counsel in such actions. Interim Co-Lead Counsel shall have the authority to:

    a.  Promote the efficient conduct of this litigation and avoid unnecessary duplication and unproductive efforts by delegating and supervising specific work assignments;

    b.  Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of DPPs on all matters arising from pretrial proceedings;

    c.  Coordinate the initiation and conduct of discovery on behalf of DPPs consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of interrogatories and

3

|     |     |
| --- | --- |
|     | requests for production of documents and the examination of witnesses in depositions; |
| d.  | Conduct settlement negotiations on behalf of DPPs and any proposed DPP class, but not enter into binding agreements except to the extent authorized by law; |
| e.  | Enter into stipulations with opposing counsel as necessary for the conduct of the litigation; |
| f.  | Maintain adequate contemporaneous time and cost records and collect such information from co-counsel on a monthly basis; |
| g.  | Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; |
| h.  | Determine the amount of and collect assessments from counsel in the DPP actions for the purpose of paying the costs necessary to litigate the case; |
| i.  | Prepare any application for attorneys' fees and reimbursement of expenses incurred by counsel in the DPP actions; |
| j.  | Consult with and retain expert witnesses for the DPP actions; |
| k.  | Negotiate with, retain, and manage relations with outside vendor(s) for the collection, processing, or review of documents and electronically stored information produced in discovery; |

  l. To the extent consistent with their duties, and as appropriate, coordinate with counsel for the Cattle Actions,[1] Beef Consumer Indirect Purchaser Action,[2] and Beef Commercial and Institutional Indirect Purchaser Action[3] so as to avoid duplication, inefficiency, and inconvenience to the Court, the parties, counsel, and witnesses;

  m. Make the allocation of any attorneys' fees and expenses awarded by the Court, if any; and

  n. Otherwise coordinate the work of the Plaintiffs' Steering Committee and other counsel for DPPs and perform such other duties as Interim Co- Lead Counsel deem necessary and appropriate based upon their judgment and consideration or as authorized by further Order of the Court.

5. NastLaw LLC, Freed Kanner London & Millen LLC, Wexler Wallace LLP, and Karon LLC, as members of the Plaintiffs' Steering Committee, shall have the following responsibilities of:

  a. Communicating regularly with Interim Co-Lead Counsel and efficiently completing all pretrial litigation and trial work assigned by Interim Co-Lead Counsel; and

---

[1] *In re Cattle Antitrust Litigation*, Case No. 0:19-cv-01222 (JRT/HB) (D. Minn).

[2] *Peterson, et al. v. JBS USA Food Company Holdings, et al.*, Case No. 0:19-cv-01129 (JRT/HB) (D. Minn.).

[3] *Erbert & Gerbert's, Inc. v. JBS USA Food Company Holdings, et al.*, Case No. 0:20-cv-01414 (JRT/HB) (D. Minn.).

       b.      Paying any necessary and proper assessments, as may be requested by Interim Co-Lead Counsel, for the purpose of funding the litigation.

6.      In no event shall any document be filed, or any discovery be served, on behalf of DPPs without the approval of Interim Co-Lead Counsel or leave of Court, and any such filing may be stricken.

7.      Interim Co-Lead Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of any DPP, unless that authority is expressly delegated to a member of the Plaintiffs' Steering Committee or other counsel. Defendants' counsel may rely on all agreements made with Interim Co-Lead Counsel for DPPs, and such agreements shall be binding on all other DPPs.

8.      Interim Co-Lead Counsel are designated as counsel for all DPP actions, upon whom all discovery, motions or other pleadings, notices, and correspondence shall be served, and Defendants shall serve papers on all DPP actions by serving the Interim Co-Lead Counsel by electronic means in compliance with the Rules and Orders of this Court. Interim Co-Lead Counsel shall jointly be responsible for maintaining a master service list of all parties and their respective counsel.

9.      Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the DPP Actions shall be **CONSOLIDATED**.

10.      *In re HOWARD B. SAMUELS, solely as Chapter 7 trustee of the estates of CENTRAL GROCERS, INC., STRACK AND VAN TIL SUPER MARKET, INC. AND SVT, LLC, et al. v. CARGILL, INC., et al,* Civil No. 20-cv-1319 (JRT/HB) (D. Minn.) shall be

designated the "Lead Case File." A docket sheet shall be maintained for that file which shall include all filings subsequently consolidated with the Lead Case File.

11. Every pleading shall be filed in the Lead Case File and bear the following caption:

| | |
|---|---|
| IN RE DPP BEEF LITIGATION | Case No. 20-cv-01319 (JRT/HB) |
| This Document Relates To:<br>All Cases | |

12. Any additional cases that may be filed in the District of Minnesota and that arise out of conduct similar to that alleged in the above-titled actions on behalf of direct purchasers of beef shall be consolidated in the *In re DPP Beef Litigation*. The Clerk shall make an appropriate entry on the docket sheet of the Lead Case File and mail a copy of this Order to the attorneys for the plaintiffs and any new defendants. Any subsequent related actions later removed to or transferred to this Court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407) shall be consolidated with the *In re DPP Beef Litigation* in the Lead Case File.

13. The terms of this Order shall apply automatically to subsequent related actions falling within Paragraph 12, above, unless a party to the Subsequent Related Action objects within 14 days after receipt of a copy of this Order as provided in Paragraph 12, above.

14. The Clerk shall close *Olean Wholesale Grocery Cooperative, Inc. v. Cargill, Inc., et al*, Civil No. 20-cv-1602 (JRT/HB).  A notation shall be made on these dockets that, upon entry of this Order, all papers shall be filed in the Lead Case File and no further papers shall be filed in the individual case dockets.

15. Any lawyer who has been admitted *pro hac vice* in any of the above actions need not seek *pro hac vice* admission in any other action; a single *pro hac vice* admission in these proceedings is sufficient.  Any lawyer who has filed a notice of appearance in any of the above actions need not notice an appearance in any other action; a single notice of appearance in these proceedings is sufficient.  It is incumbent upon the lawyer to ensure his or her appearance is listed in the relevant consolidated proceedings for ECF purposes.

16. This Order shall not have the effect of making any person, firm, or corporation a party to any action in which they have not been added as such in accordance with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**


Dated:  September 4, 2020              s/ *Hildy Bowbeer*
                                       HILDY BOWBEER
                                       United States Magistrate Judge